940 F.2d 1539
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Martin PRIEST, Petitioner-Appellant,
v.
Raymond ROBERTS, Attorney General of Kansas, Respondents-Appellees.
 No. 90-3370.
 United States Court of Appeals, Tenth Circuit.
 Aug. 6, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Priest, a state prisoner appeals, pro se, the denial of habeas relief.
 
 
 3
 Mr. Priest was convicted of first degree murder and theft as a result of his third trial in state court. At his first trial, during closing argument, the prosecutor twice made remarks that both Mr. Priest and the trial court construed as comments on the fact that Mr. Priest had not taken the stand to testify. The state trial court found the state had violated Mr. Priest's right against self-incrimination and granted Mr. Priest's request for a mistrial. Over Mr. Priest's objections that retrial was barred by double jeopardy, a second trial was commenced. This also resulted in a mistrial when a juror had to be excused to tend to a family medical emergency. The third trial resulted in Mr. Priest's convictions. Mr. Priest appealed his conviction to the Supreme Court of Kansas who affirmed in an unpublished decision.
 
 
 4
 Mr. Priest then filed his pro se petition for habeas corpus relief under 28 U.S.C. Sec. 2254. The sole issue raised by Mr. Priest before the United States District Court was his contention that the Double Jeopardy Clause prevented his retrial. Mr. Priest had unsuccessfully raised this issue in his direct appeal to the Supreme Court of Kansas.
 
 
 5
 The district court reviewed several cases including Oregon v. Kennedy, 456 U.S. 667 (1982); United States v. Dinitz, 424 U.S. 600 (1976); United States v. McMurry, 818 F.2d 24 (10th Cir.), cert. denied, 484 U.S. 837, 484 U.S. 841 (1987); and United States v. Poe, 713 F.2d 579 (10th Cir.1983), and concluded the Double Jeopardy Clause does not bar a retrial when the defendant requests a mistrial unless the governmental misconduct intentionally goaded defendant into requesting a mistrial. Mr. Priest contended the state wanted a mistrial because the trial court refused to endorse a late witness for the state. The United States District Court observed that Mr. Priest raised this same factual argument before the state trial court and the state appellate court, and that both had rejected this argument. The district court concluded the underlying facts did not sufficiently establish the requisite prosecutorial intent to provoke Mr. Priest into moving for a mistrial. Mr. Priest's request for habeas corpus relief was then dismissed.
 
 
 6
 In his appeal to this court, Mr. Priest reviews the transcript containing the prosecutor's improper argument and contends it shows the state deliberately provoked the mistrial.
 
 
 7
 Reading the prosecutor's argument as set forth in Mr. Priest's brief, we have not been persuaded that these remarks establish the requisite prosecutorial intent. In addition, 28 U.S.C. Sec. 2254(d) commands that when a state court makes a factual determination that is evidenced by reliable and adequate written indicia, it is presumed to be correct. Mr. Priest thus would have the burden of showing the material facts were not adequately developed or that he did not receive a full, fair, and adequate hearing in the state court, or that the existence of one of the other grounds enumerated in 28 U.S.C. Sec. 2254(d) exist. This, Mr. Priest is unable to show.
 
 
 8
 The Supreme Court, in Kennedy, ruled that prosecutorial intent is the key issue, and in deciding this issue we should rely primarily upon the objective facts and circumstances of the particular case. Kennedy, 456 U.S. at 675-76. In the case before us the state prosecutor at least had an arguable position that his remarks were proper. The record fails to establish the necessary prosecutorial intent.
 
 
 9
 We therefore grant Mr. Priest's request for a certificate of probable cause as his position is at least arguable. Having done so, we AFFIRM the judgment of the district court for substantially the same reasons enunciated by the district court.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3