**UNITED STATES of America, Plaintiff,**

v.

**George Erman DAGO, Gino Alioto, Gerald Kenneth Jorgensen, Ira Dean Gray, et al., Defendants.**

**Crim. A. No. 92–CR–245.**

United States District Court, D. Colorado.

Dec. 24, 1992.

Michael J. Norton, U.S. Atty., David M. Gaouette, Asst. U.S. Atty., Denver, CO, for U.S.

Arthur S. Nieto, Lakewood, CO, for George Erman Dago, George Battaglia, Paul Vigil, Robert Duran.

Phillip Cherner, Denver, CO, for Karen Sue Battaglia, Suzanne Battaglia.

Gordon D. Sanchez, Denver, CO, for Octavio Ramirez.

Joseph Saint–Veltri, Denver, CO, for Gino Alioto.

Janine Yunker, Asst. Federal Public Defender, Denver, CO, for Richard Lee Molinaro.

Jeffrey Timlin, Denver, CO, for Eric Entrup.

David G. Eisner, Boulder, CO, for Shelli J. Entrup.

Don Lozow, Denver, CO, for Louis Mayfield.

Larry Pozner, Denver, CO, for Ralph Beightol.

Claudia J. Jordan, Denver, CO, for Guillermo Suazo.

David A. Lane, Denver, CO, for Charles Fitzsimmons.

Martha K. Horwitz, Denver, CO, for Rodney Reichel.

Jeralyn E. Merritt, Denver, CO, for Gerald Kenneth Jorgensen.

Saskia A. Jordan, Denver, CO, for Linda Knox.

Neil MacFarlane, Westminster, CO, for Ira Dean Gray.

Richard N. Stuckey, Denver, CO, for Richard Waterman.

Richard D. Irvin, Boulder, CO, for Dan Pennetta.

Richard J. Banta, Denver, CO, for Linda Smith.

John C. Hugger, Evergreen, CO, for Robert Lee.

## ORDER REGARDING PRETRIAL, TRIAL AND POST TRIAL MOTIONS

SHERMAN G. FINESILVER, Chief Judge.

This is a criminal case which was tried to a jury commencing on November 9, 1992.[1] The matter comes before the Court on Defendant Dago's Motion for a New Trial and Motion for Bond Pending Sentencing and Appeal and Defendant Alioto's Motion for Judgment of Acquittal and Motion for New Trial and addendum.[2] The Government

---

1. A total of twenty Defendants were charged in an eighty-one Count Indictment on July 22, 1992. Four Defendants were tried. Please see the Appendix for a general listing of the counts against each of these Defendants.

2. The Court notes that the deadline for filing post trial motions was December 7, 1992. Defendant Dago's Motion for a New Trial was filed December 9, 1992. The Motion for Bond Pending Sentencing and Appeal of Defendant Dago was filed December 9, 1992. Defendant Alioto's Motion for Judgment of Acquittal was filed No-

has responded. For the reasons stated below, the motions are denied. We also expand on certain pretrial and trial motions of Defendants which were previously ruled on by the Court.

## I. BACKGROUND

On November 25, 1992, the jury in this case returned its verdicts. Defendant Dago was found guilty on all counts: conspiracies to possess with intent to distribute marijuana and cocaine, distribution of marijuana and cocaine, possession of marijuana and cocaine with the intent to distribute, conducting a financial transaction to promote drug trafficking, using communications facilities to promote drug trafficking, distributing more than 500 grams of cocaine, conspiracy to conduct a financial transaction to promote drug trafficking, and engaging in a continuing criminal enterprise. Defendant Alioto was found guilty of conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana. However, Defendant Alioto was found not guilty of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. The jury returned verdicts of not guilty for Defendant Jorgensen. Defendant Gray was found guilty of simple possession of marijuana and not guilty of the more serious offenses of possession of marijuana with intent to distribute and use of a communications facility in furtherance of a felony drug offense.

## II. PRETRIAL MOTIONS

We expand on the Court's Order entered October 8, 1992, and other orders, pretrial rulings and rulings made during trial.

### A. Motions for Severance

■ Generally, individuals indicted together should be tried together. *United States v. Jenkins,* 904 F.2d 549, 557 (10th Cir.1990) (citing *United States v. Rinke,*

778 F.2d 581, 590 (10th Cir.1985)); *United States v. Barker,* 623 F.Supp. 823, 834 (D.Colo.1985) (Finesilver, C.J.). *See* Fed. R.Crim.P. 8(b) (West 1986). A defendant requesting a separate trial must establish that substantial prejudice would result from a joint trial. *United States v. Levine,* 983 F.2d 165, 166–67 (10th Cir.1992) (citing *United States v. Hollis,* 971 F.2d 1441, 1456 (10th Cir.1992)). *See* Fed.R.Crim.P. 14. In determining whether severance is appropriate, a court must balance prejudice to the defendant which would be caused by a joint trial against judicial expense and inconvenience which would be occasioned by separate trials. *United States v. Lane,* 883 F.2d 1484, 1498 (10th Cir.1989); *United States v. Levine,* 750 F.Supp. 1433, 1442–43 (D.Colo.1990) A trial court has substantial discretion in addressing motions for severance. *United States v. Beathune,* 527 F.2d 696, 698 (10th Cir.1975), *cert. denied* 425 U.S. 996, 96 S.Ct. 2211, 48 L.Ed.2d 821 (1976). The Court may consider alternatives other than separate trials to avoid potential prejudice. *Lane,* 883 F.2d at 1484.

■ In the case at bar, Defendants argued that severance was appropriate because of the substantial evidence involved in this case and the potential of juror confusion over what evidence applied to which Defendant. The Court denied these motions prior to and during trial. According to the standards enunciated above, it was inappropriate to grant severance in this case. At the request of Defendants, the jury was given limiting instructions throughout trial. Furthermore, in the final charge, the jury was instructed as follows:

As you know, there are four defendants on trial here: George Erman Dago, Gino Alioto, Gerald Kenneth Jorgensen, and Ira Dean Gray. Each Defendant is entitled to have his case decided solely on the evidence which applies to him. As

vember 27, 1992. Defendant Alioto's Motion for New Trial was filed December 8, 1992. Defendant Alioto filed an Addendum to Motion for New Trial on December 11, 1992. Defendant Alioto's Motion for Extension of Time Within Which to File a Motion for New Trial filed

December 1, 1992, was denied by this Court's Minute Order entered December 3, 1992. Therefore, the only motion timely filed was Defendant Alioto's Motion for Judgment of Acquittal. We nevertheless address all of these motions and arguments in this Order.

the Court has explained to you throughout this trial, some of the evidence in this case is limited under the rules of evidence to one or more of the Defendants, and cannot be considered against the others. It is your duty to give separate, personal consideration to the case against each individual Defendant. When you do so, you should analyze what the evidence in the case shows with respect to that individual, leaving out of consideration entirely any evidence admitted solely against some other defendant or defendants. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for or against each one of them. For each Defendant, you must decide whether the government has presented proof beyond a reasonable doubt that a particular Defendant is guilty of a particular charge. Your decision regarding any one Defendant or one charge, whether it is not guilty or guilty, should not influence your decision on any of the other Defendants or charges.

The jury returned verdicts which reflect that they followed this and the Court's other instructions. As noted above, the jury found Defendant Jorgensen not guilty of possession of cocaine with intent to distribute and use of communications facility in furtherance of a felony drug offense. The jury found Defendant Gray, although indicted on charges of possession of marijuana with intent to distribute and use of a communications facility in furtherance of a felony drug offense, only guilty of the lesser included offense of simple possession. Likewise, the jury found Defendant Alioto guilty of conspiracy to distribute marijuana and possession of marijuana with intent to distribute and not guilty of similar charges involving cocaine. The jury found Defendant Dago guilty of all charges on which he was tried. It is apparent that the jury gave separate and independent consideration to the evidence against each Defendant on each count. Therefore, no prejudice arose out of this Court's failure to grant Defendants' motions for severance.

### B. Motion for a Townsend Hearing

Defendant Alioto moved for a *Townsend* hearing because the Government's evidence, he argued, strongly suggested that there were several conspiracies which were indicted as a single conspiracy. *See U.S. v. Townsend*, 924 F.2d 1385, 1389 (7th Cir. 1991). Defendant noted that because his sentence would be based on the quantity of drugs involved in any conspiracy of which he is convicted, it was important to ascertain which conspiracy he was alleged to be involved in.

The Government and Defendant Alioto agreed that such hearings are not favored. Whether a single conspiracy exists is a question of fact; consequently, "the jury gets first crack at deciding 'whether there is one conspiracy or several when the possibility of a variance appears.'" *U.S. v. Paiz*, 905 F.2d 1014, 1019 (7th Cir.1990) (quoting *U.S. v. Percival*, 756 F.2d 600, 609 (7th Cir.1985)). *See also U.S. v. Ruwe*, 790 F.2d 845, 849 (11th Cir.1986). *Townsend* has not been adopted in this circuit. On the other hand, the Tenth Circuit has upheld a district court's refusal to issue a multiple conspiracy instruction where, as in the case at bar, the district court instructed the jury that the Government had the burden of proving the conspiracy as alleged, and that the evidence should be considered separately as to each individual defendant. *U.S. v. Evans*, 970 F.2d 663, 675 (10th Cir.1992). Therefore, it was appropriate for the Court to deny Defendant Alioto's motion for a *Townsend* hearing.

### C. Motion for *James* Hearing

Before trial, Defendant Alioto filed a Motion for Pretrial Hearing Re: Hearsay Statements ("*James* hearing"). *See United States v. James*, 590 F.2d 575 (5th Cir. 1979). Defendant Alioto and other Defendants argued that according to Fed.R.Evid. 801(d)(2)(E) (West Supp.1992), the Court was required to conduct a pretrial hearing to determine which, if any, statements of coconspirators would be admissible at trial. We denied this motion and expand on why such denial was appropriate.

■ Statements by coconspirators made during the course and in furtherance of the conspiracy are not hearsay and are therefore admissible against a defendant. Fed. R.Evid. 801(d)(2)(E) (West Supp.1992).[3] Two basic issues have arisen under this rule. First, what findings must the Court make in order for the statements to be admissible? Second, what procedure must the Court follow in making the required findings (i.e., when must the findings be made)?

## 1. Required Findings

■ In order to admit alleged coconspirator statements under 801(d)(2)(E), the Court must find by a preponderance of the evidence [4] (1) the existence of the conspiracy; (2) that "the declarant and the party against whom the statement is offered were members of that conspiracy; and (3) [that] the statements were made in the course of and in furtherance of that conspiracy." *United States v. Barker*, 623 F.Supp. 823, 829–30 (D.Colo.1985) (Finesilver, C.J.) (citing *United States v. Andrews*, 585 F.2d 961 (10th Cir.1978) ("*Andrews* elements")). *See United States v. Troutman*, 814 F.2d 1428, 1447 (10th Cir.1987). This test has been recently affirmed. *See e.g. United States v. Powell*, 973 F.2d 885, 891 (10th Cir.1992).

## 2. Procedure

According to Fed.R.Evid. 104(a) (West 1984), preliminary questions regarding admissibility of evidence such as coconspirator statements are determined by the Court. *United States v. Petersen*, 611 F.2d 1313, 1330 (10th Cir.1979) *cert. denied* 447 U.S. 905, 100 S.Ct. 2985, 64 L.Ed.2d 854; *Barker*, 623 F.Supp. at 830. Under Tenth Circuit jurisprudence, the trial court must determine on the record that the *Andrews* elements have been satisfied. *Powell*, 973 F.2d at 891 (citing *United States v. Radeker*, 664 F.2d 242 (10th Cir.1981));

*Troutman*, 814 F.2d at 1447–48. *See also United States v. Cardall*, 885 F.2d 656, 669 (10th Cir.1989).

■ The trial court may make the necessary findings pretrial, upon an offer of proof by the Government or conditionally during trial. *United States v. McMurry*, 818 F.2d 24, 26 (10th Cir.1987); *United States v. Kaatz*, 705 F.2d 1237, 1244 (10th Cir.1983); *United States v. Monaco*, 700 F.2d 577, 581 (10th Cir.1983). No particular order of proof is required. There is no requirement that the trial court hold a pretrial hearing to determine the admissibility of coconspirators statements, although such hearings are acceptable. *McMurry*, 818 F.2d at 26; *Monaco*, 700 F.2d at 581. The trial court, in its discretion and power to control the order of proof, may admit the statement conditioned upon the Government later satisfying each of the *Andrews* elements. *United States v. Hernandez*, 829 F.2d 988, 993 (10th Cir.1987) *cert. denied* 485 U.S. 1013, 108 S.Ct. 1486, 99 L.Ed.2d 714, cited in *United States v. Wolf*, 839 F.2d 1387, 1393 (10th Cir.1988); *Kaatz*, 705 F.2d at 1244. In any event, at the conclusion of the evidence, the court is required to make a finding on the record of whether the *Andrews* elements have been established. *Hernandez*, 829 F.2d at 993.

Traditionally, the trial court could not consider the statements themselves in determining whether *Andrews* had been satisfied. *Bourjaily v. United States*, 483 U.S. 171, 177, 107 S.Ct. 2775, 2779, 97 L.Ed.2d 144 (1987). However, the Supreme Court in *Bourjaily* interpreted Fed.R.Evid. 104(a) to permit the trial court to consider out of court statements in combination with other independent evidence in determining whether the *Andrews* elements had been sufficiently established. *Id.* 483 U.S. at 178, 107 S.Ct. at 2780; Fed.R.Evid. 104(a) (1984) (providing that in making preliminary determinations of admissibility, the

---

3. For an excellent discussion and compilation of cases dealing with this rule, see Ethel R. Alston, Annotation, *Admissibility of Statement by Coconspirator under 801(d)(2)(E) of Federal Rules of Evidence*, 44 A.L.R.Fed. 627 (1979 and 1992 Supp.).

4. Although there was some dispute over the proper standard, the Supreme Court determined that a preponderance of the evidence standard was appropriate. *Bourjaily v. United States*, 483 U.S. 171, 176, 107 S.Ct. 2775, 2779, 97 L.Ed.2d 144 (1987).

court "is not bound by the rules of evidence except those with respect to privileges"). *Contra United States v. Austin,* 786 F.2d 986, 990 (10th Cir.1986). The Court expressly refused to determine whether the trial court may rely on the out of court statements alone to conclude that the *Andrews* elements have been satisfied. *Bourjaily,* 483 U.S. at 181, 107 S.Ct. at 2781.

■ In the case at bar this Court followed all of the principles outlined above. As indicated, it was unnecessary to hold a pretrial hearing to determine the admissibility of the alleged coconspirator statements. This was a complex case involving twelve days of testimony, approximately thirty-six witnesses, and over two hundred exhibits. As such, it was appropriate to admit coconspirator statements conditioned upon the Government later satisfying *Andrews.* At the close of the Government's case, the Court addressed each of the elements outlined in *Andrews* and expressly concluded on the record that each were satisfied. The coconspirator statements were thus properly admitted as evidence and we did not abuse our discretion in controlling the order of proof.

## III. POST TRIAL MOTIONS

### A. Motions for New Trial

■ Under Fed.R.Crim.P. 33 (West 1976), the Court may grant a new trial "in the interest of justice." In order to prevail on a motion for a new trial, a defendant must persuade the Court that the alleged error affected the finding of guilt. *United States v. Wood,* 958 F.2d 963, 966 (10th Cir.1992); *United States v. Best,* 939 F.2d 425, 429 (7th Cir.1991). The defendant must establish that no reasonable jury could have found the defendant guilty while considering the evidence and inferences therefrom in the light most favorable to the Government. The District Court has substantial discretion in addressing motions for new trial. *United States v. Troutman,* 814 F.2d 1428, 1455 (10th Cir. 1987). As such, decisions to deny motions for new trial will be reviewed only for

abuse of discretion. *Wood,* 958 F.2d at 966.

Defendants Dago and Alioto seek new trials on several grounds. Each will be separately discussed.

#### 1. Ineffective Assistance of Counsel

In general terms, Defendants Dago and Alioto argue that they are entitled to a new trial because they were deprived of the effective assistance of counsel. They base this argument on the Court's denial of their motions to continue the trial and that therefore counsel were unprepared.

■ To state a constitutional claim for ineffective assistance of counsel, a Defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Deficient performance is established by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Prejudice is established by "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

■ Both elements of the *Strickland* test must be met in order for the Court to grant relief. *Parks v. Brown,* 840 F.2d 1496, 1509 (10th Cir.1987). A reviewing court is not required to determine whether counsel's performance was deficient before moving to the issue of whether a defendant suffered prejudice as a result of the alleged deficiencies. *United States v. Miller,* 907 F.2d 994, 1002–03 (10th Cir.1990). If a claim of ineffectiveness can be disposed of strictly on the basis of lack of prejudice, that is a preferred course. *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069; *United States v. Owens,* 882 F.2d 1493, 1501 n. 3 (10th Cir.1989).

■ In addition, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065; *accord Miller,* 907

F.2d at 1003; *Parks*, 840 F.2d at 1509. Court scrutiny of counsel's performance is "highly deferential." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Claims of ineffective assistance cannot be used to second-guess counsel's wide discretion in making tactical decisions. *Id.*

At the outset we note that Defendants do not specifically indicate in what manner they were deprived of the effective assistance of counsel or in what ways they were prejudiced. On these bases alone, this argument for a new trial may be overcome.

The Court denied motions for continuance. It was our observation that Counsel were adequately prepared and rendered reasonable assistance to their clients prior to and including trial. Prior to trial, Defendant Alioto interposed the following: Motion for Appointment of Investigator, Motion for Interval Payments, Motion for Preparation of Interception Analyses, Request for Notice of Government's Intent to use Evidence, Motion for Pretrial Hearing Re: Hearsay Statements, Motion to Suppress (intercepted communications), Motion for Townsend Hearing, Motion to Suppress Evidence, Motion for Disclosure of Grand Jury Matters, Motion for Continuance, Motion for Services other than Counsel (C.J.A.), Motion for Support Services, Motion for Ruling Pertinent to 18 U.S.C. § 3006A(e)(1) and (3), Second Motion for Support Services (Investigator), and Motion for Interval Payments. Likewise, Defendant Dago filed the following pretrial motions: Motion for Suppression of Contents of Intercepted Communications, Motion to Reassign, Motion to Compel Disclosure of Promises of Immunity, Leniency or Preferential Treatment, Motion for Bill of Particulars, Motion to Suppress all Evidence of Electronic Communications Relating to Defendant Intercepted by Government Agents, Motion to Continue Motions Hearing, Motion and Brief to Suppress Statements Made by the Defendant, George Erman Dago, Motion and Brief to Suppress Evidence Seized as a Result of Execution of the Arrest Warrant of Defendant George Erman Dago, Motion and Brief to Suppress Evidence Seized as a Result of Execution of Search Warrants on the Premises Described as.... and Motion to Continue.

■ At trial, both counsel made numerous requests which included: motion for severance, objections to exhibits, objections to transcripts of phone conversations being provided to jury, motions for limiting instructions, among others. Counsel provided the Court with well researched proposed jury instructions. Counsels' cross examinations of witnesses were complete, competent, reasonable, and clearly reflected that counsel had a thorough knowledge of the case, evidentiary issues and knowledge of the law. Counsel are experienced lawyers and are well versed in handling criminal matters involving drugs. Counsel also had the assistance of investigators both before and during trial. The Court notes that Defendant Alioto's counsel was successful in obtaining the acquittal of Defendant on the two charges related to cocaine. In light of the numerous motions filed prior to trial, objections and motions made during trial and effective cross examinations, combined with the presumption that counsels' assistance was reasonable, we conclude that the Defendants were not deprived of the effective assistance of counsel.

The jury was provided with twelve days of testimony which primarily related to these Defendants. Numerous exhibits were introduced which, in a substantial way, implicated the Defendants in the crimes charged. The jury had ample evidence from which it could conclude that the Defendants were guilty of the crime which they were convicted. In our opinion, further preparation was not warranted and would not have changed the outcome. From our experience in criminal trials, the claim of ineffective assistance of counsel is contradicted by the facts and the high level of advocacy of defense counsel.

### 2. Composition of Jury Panel

■ Both Defendants argue that they should be given a new trial because the Court failed to sustain their objection at the inception of the trial that the jury panel was improper in that it did not contain any

African Americans. As the Supreme Court has noted, litigants are only entitled to a jury which is selected in a nondiscriminatory manner. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Defendants are not entitled to a specific jury which proportionately reflects the makeup of the local community. *United States v. Test*, 399 F.Supp. 683, 688 (D.Colo.1975) (Arraj, C.J.). Here, that is all that Defendants have alleged. Defendants merely claim that the jury panel did not contain any African Americans and that the array therefore was not representative of the community. No claim or evidence has been put forth that African Americans were systematically and intentionally excluded from the panel because of the Court's summoning process. Therefore, this claim must fail.

3. Other Grounds

■ Defendant Dago argues that he is entitled to a new trial on several other grounds. First, he argues that this Court erred in failing to transfer this case to Hon. Richard P. Matsch because Judge Matsch had been assigned a related case involving forfeiture of assets. The Defendant fails to indicate how he was prejudiced at trial by this Court's failure to transfer this case to Judge Matsch. Judge Matsch was merely assigned a civil forfeiture action involving two of the twenty Defendants originally named in this case. On the other hand, this Judge ultimately handled nineteen of the twenty Defendants in the criminal action. Furthermore, there is no criminal procedure or local rule which required transfer. Therefore, the failure to transfer Defendant Dago to Judge Matsch's Court does not provide a justification for a new trial.

Second, Defendant Dago argues that this Court erred in failing to suppress the fruits of wiretap surveillance because the wiretap order was insufficient and not based on a sufficient showing by the Government that less intrusive means were unavailable. Based on the evidence presented to the Court at the pretrial hearings and at trial, there was enough evidence to establish the necessity of the wiretaps and that the information could not have been obtained through less intrusive means.

■ Third, Defendant Dago argues that the Court erred in failing to grant a mistrial when the Government questioned Mr. Eric Entrup regarding Defendant Dago's possession and use of a gun and when Mr. Octavio Ramirez testified regarding Defendant Dago's desire to have "fire power" available during a drug transaction. Defendant Dago objected to this question and testimony, the Court immediately sustained the objections, gave several limiting instructions and instructed the jury to disregard these statements and any evidence on this point was stricken from the record. Although this question and testimony were wholly unnecessary and should have been omitted, we do not believe that it affected the outcome of the case. There was substantial evidence against Defendant Dago. Without consideration of the question related to the gun and testimony regarding "fire Power," a reasonable jury could conclude that Defendant Dago was guilty of all charges on which he was tried. Furthermore, this question and testimony were minuscule in comparison to the substantial evidence and testimony in this twelve day trial. Therefore, the Court's failure to grant a mistrial does not provide a basis for a new trial. The Court's ruling denying Defendant's motion for a mistrial was proper.

■ Fourth, Defendant Dago argues that the Court erred in failing to compel the testimony of Karen Battaglia, Defendant Dago's wife. Ms. Battaglia is a codefendant in this case. She plead guilty to Count One of the Indictment, conspiracy to distribute cocaine. Ms. Battaglia was awaiting sentencing at the time of Defendant Dago's trial. At the time Defendant Dago sought to call Ms. Battaglia the Government objected. Furthermore, Ms. Battaglia was represented by counsel who argued that compelling her testimony would violate her right against self incrimination and marital privilege. We resolved this issue based on the Fifth Amendment to the United States Constitution.

In *United States v. Hernandez*, 962 F.2d 1152, 1161 (5th Cir.1992), a co-defendant, Chavez, had plead guilty to one count of interstate travel in aid of a racketeering enterprise charged in the indictment. At the beginning of his case, Defendant Hernandez wished to call Chavez as a witness. At this time, Chavez was awaiting sentencing and invoked his Fifth Amendment privilege against self incrimination. The Court held that Chavez had a reasonable fear of "incurring additional criminal liability from testifying." *Id.* at 1161. Therefore, the District Court did not abuse its discretion in failing to compel Chavez's testimony. *Id.* Other courts have reached the same result. *See Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1076–77 (6th Cir. 1990) (holding that privilege continues in full force until sentencing is now well settled); *United States v. Lugg*, 892 F.2d 101, 102 (D.C.Cir.1989); *United States v. Tindle*, 808 F.2d 319 (4th Cir.1986).

As noted, when Ms. Battaglia was called as a witness in Defendant Dago's case, she had not yet been sentenced. Ms. Battaglia's plea agreement with the Government provided that she would not be required to testify against her husband and that the Government may, in its discretion, seek a downward departure at sentencing in exchange for Ms. Battaglia's cooperation. If Ms. Battaglia would have been required to testify on behalf of her husband, she would have been subject to cross examination by the Government. Furthermore, the Government could have construed her testimony in favor of her husband as a violation of the plea agreement and therefore withhold any recommendation to the Court for a downward departure. Ms. Battaglia therefore had a realistic and justifiable fear of self incrimination based on substantial reasons connected to sentencing. Ms. Battaglia asserted her right against self incrimination under the Fifth Amendment to the United States Constitution. The Court upheld Ms. Battaglia's assertion of her Fifth Amendment right and properly did not compel her testimony. In addition, we note that in the event that one defendant in a case desires to call a codefendant as a witness, a claim of self incrimination by the codefendant would be clearly upheld. The codefendant would not be required to testify. This principle applies with equal force here, even though the codefendant, Ms. Battaglia, had plead guilty and was awaiting sentencing.

 The Tenth Circuit has held that a Defendant's right of confrontation and compulsory process under the Sixth Amendment is not violated when a witness invokes her right against self incrimination under the Fifth Amendment. *United States v. George*, 778 F.2d 556, 563 (10th Cir.1985). *See also United States v. Trejo–Zambrano*, 582 F.2d 460, 464 (9th Cir. 1978) (holding that "[t]he Sixth Amendment right of an accused to compulsory process to secure the attendance of a witness does not include the right to compel the witness to waive his Fifth Amendment privilege"). Therefore, Defendant Dago's Sixth Amendment right has not been violated.

Fifth, Defendant Dago argues that he is entitled to a new trial because the Court erred in giving jury instruction numbers 28, 33 and 38. Each will be separately discussed. In Jury Instruction 28, the Court stated,

Title 18, United States Code, Section 1956(a)(1)(A) makes it a separate criminal offense to conduct a financial transaction to promote the felonious buying, selling and trafficking in narcotic or other dangerous drugs. Defendant Dago is charged in counts 9 and 11 with this type of financial transaction. In order for the Defendant to be found guilty of these charges, the government must prove each of the following beyond a reasonable doubt:

First, the Defendant conducted or attempted to conduct a financial transaction involving property that represented the proceeds of the felonious buying, selling and trafficking in narcotic or other dangerous drugs;

Second, the Defendant knew that the property represented the proceeds of the felonious buying, selling and trafficking in narcotic or other dangerous drugs; and

Third, the Defendant acted with the intent to promote the carrying on of the felonious buying, selling and trafficking in narcotic or other dangerous drugs. A financial transaction is a transaction involving the movement of funds by wire or other means which affects interstate or foreign commerce, or the use of a financial institution which is engaged in activities which affect interstate or foreign commerce.

You are instructed that the crimes charged in counts 1, 2, 3, 4, 5, 6, 10, 14, 18, 22, 33, 34, 37, 43, 44, 64, 75, 76 and 81 constitute crimes involving the felonious buying, selling and trafficking in narcotic or other dangerous drugs.

The Defendant fails to explain how the Court erred in giving this instruction. This instruction tracks the language of 18 U.S.C.A. § 1956(a)(1)(A) (West Supp.1992). We believe that instruction number 28 accurately describes the law.

The jury was instructed in number 33 as follows:

Defendant Dago is charged in count 34 of the indictment with a conspiracy to conduct a financial transaction to promote the felonious buying, selling and trafficking in narcotic or other dangerous drugs as that offense was described to you with respect to counts 9 and 11. In order for the Defendant to be found guilty of the offense charged in count 34, the Government must prove each of the following elements beyond a reasonable doubt:

First, that two or more persons in some way or manner, came to a mutual understanding to try to accomplish the common plan of conducting a financial transaction to promote the felonious buying, selling and trafficking in narcotic or other dangerous drugs, or to conceal or disguise the nature, the location, the source, the ownership or control of the proceeds of unlawful activity and

Second, that the Defendant knowingly and voluntarily became a member of such conspiracy.

Likewise, this instruction accurately describes the law of conspiracy in this Circuit.

*See United States v. Evans,* 970 F.2d 663 (10th Cir.1992); *United States v. Savajno,* 843 F.2d 1280 (10th Cir.1988).

In instruction number 38, the jury was instructed that

Title 21, United States Code, section 848, makes it a separate Federal crime for anyone to engage in what is called a "continuing criminal enterprise" involving controlled substances.

Defendant Dago is charged in count 81 of the indictment with engaging in a continuing criminal enterprise. In order for the Defendant to be found guilty of this offense, the Government must prove each of the following elements beyond a reasonable doubt:

First, that the Defendant violated section 841(a)(1), 952(a) or 843(b) of the Federal controlled substances laws as charged in the indictment.

Second, that the defendant engaged in a continuing series of violations. A "continuing series of violations" means proof of at least three violations of the Federal controlled substances laws as charged in the indictment. In order for these violations to be a "continuing series," they must be connected together as a series of related or ongoing activities, as distinguished from isolated and disconnected acts.

Third, that the Defendant engaged in the "continuing series of violations" with at least five or more other persons, whether or not those other persons are named in the indictment and whether or not the same five or more persons participated in each of the violations, or participated at different times.

Fourth, that the Defendant's relationship with the other five or more persons was that of an organizer, supervisor or manager—that he was more than a fellow worker and either organized or directed the activities of others, whether he was the only organizer or supervisor or not. While the buyer/seller relationship alone is insufficient to establish a managerial role, additional evidence of formal or informal authority or responsi-

bility respecting a purchaser's conduct may suffice.

Fifth, that the Defendant obtained "substantial income or resources" from the continuing series of violations, meaning that his income from the violations, in money or other property must have been significant in size or amount as distinguished from some relatively insubstantial, insignificant or trivial amount.

This instruction accurately sets forth the requirements of 21 U.S.C.A. § 848 (West 1981 and Supp.1992). *See United States v. Hall,* 843 F.2d 408, 410 (10th Cir.1988).

■ Defendant Dago objected to this instruction on two grounds. First, he argued that the instruction should have required the jury to agree on which three transactions constituted the continuing series. As is indicated in the first element of instruction number 38, the jury was only permitted to consider violations "as charged in the indictment." The jury was instructed that they must unanimously agree on each verdict. The jury unanimously agreed that the Defendant was guilty of all counts charged in the indictment on which he was charged. Therefore, they implicitly agreed that the Defendant engaged in the requisite continuing series of violations.

■ Defendant Dago next argued that the jury must be instructed that they are required to unanimously agree on which five persons the Defendant engaged in the continuing series of violations with. The Tenth Circuit recently refused to address this issue because it was not properly raised in the Defendant's opening brief. *United States v. Jenkins,* 904 F.2d 549, 554 n. 3 (10th Cir.1990). We believe that, given the general unanimity of verdict instruction, it is unnecessary to specifically instruct the jury that it must agree on which five people the Defendant supervised or managed. *See United States v. Curry,* 902 F.2d 912, 914–15 (11th Cir.1990). Given this state of the law, it was unnecessary to give special jury interrogatories addressing these issues.

## B. Motion for Judgment of Acquittal

■ Under Fed.R.Crim.P. 29 (West 1975), a Defendant may make a motion for judgment of acquittal after a jury returns a guilty verdict. In considering a motion for judgment of acquittal, the trial court must view the evidence and all inferences therefrom in the light most favorable to the Government. *United States v. Peveto,* 881 F.2d 844, 860 (10th Cir.1989). These motions should only be granted if no reasonable jury could conclude that the defendant was guilty beyond a reasonable doubt. *Id.* (*citing United States v. White,* 673 F.2d 299, 301 (10th Cir.1982).

■ Defendant Alioto moves for judgment of acquittal. Defendant Alioto argues that his convictions for conspiracy to distribute marijuana and possession with intent to distribute marijuana must be overturned because these verdicts are inconsistent with the verdicts finding him not guilty of conspiracy to distribute cocaine and possession with intent to distribute cocaine. We disagree. That the jury found Defendant Alioto guilty on the marijuana counts and not guilty on the cocaine counts merely shows that they were convinced of his intent and knowledge regarding the marijuana, but not the cocaine. These verdicts are consistent and show that the jury gave independent consideration to the evidence against each Defendant on each count. Considering all of the evidence and related inferences, we are not convinced that it was unreasonable for the jury to conclude that the Defendant was guilty of conspiracy to distribute marijuana and possession of marijuana with intent to distribute, but not the similar charges involving cocaine. The Court will not disturb the jury's verdicts.

## C. Motion for Bond Pending Sentencing and Appeal

■ Defendant Dago was on bond during trial. Upon the jury's return of guilty verdicts on all counts, the Government moved the Court to revoke Defendant Dago's bond. The Court revoked Defendant Dago's bond and remanded him to the custody of the United States Marshal. De-

fendant Dago now moves this Court to release him on bond pending sentencing and appeal.

The Defendant has the burden of establishing that he "will not flee or pose a danger to any other person or to the community" in order to succeed on a motion for bond pending sentencing and appeal. Fed. R.Crim. 46 (West Supp.1992).

The Defendant argues that he timely appeared for all hearings and trial days, that he is motivated to stay in the jurisdiction because of his large family and many children and that he is voluntarily appearing in a civil forfeiture action. We do not believe that these facts justify the release of Defendant pending sentencing and appeal. This matter was extensively argued at the time the verdicts were returned and bond pending sentencing and appeal was denied. We believe that the numerous guilty verdicts and the prospect of substantial sentences create a high probability of flight. Therefore, the Motion for Bond Pending Sentencing and Appeal is denied.

### IV. ORDER

ACCORDINGLY, it is ordered that,

1) Motion for a New Trial of Defendant Dago filed December 9, 1992, is DENIED;

2) Motion for Bond Pending Sentencing and Appeal of Defendant Dago filed December 9, 1992, is DENIED;

3) Defendant Alioto's Motion for Judgment of Acquittal filed November 27, 1992, is DENIED;

4) Motion for New Trial of Defendant Alioto filed December 8, 1992, is DENIED;

5) All motions by Defendants Dago and Alioto are DENIED.

### APPENDIX

Twenty Defendants were charged in the original indictment which included eighty-one counts. Only four Defendants, Dago, Alioto, Gray and Jorgensen, went to trial.

Defendant Dago was charged in forty-eight counts involving conspiracies to distribute marijuana and cocaine, possession with intent to distribute marijuana and co-caine, distribution of marijuana and cocaine, use of communications facilities in furtherance of felony drug trafficking offenses, performance of financial transactions in furtherance of felony drug trafficking offenses, and continuing criminal enterprise.

Defendant Alioto was named in four counts involving conspiracies to distribute marijuana and cocaine, and possession with intent to distribute marijuana and cocaine.

Defendant Gray was charged in two counts with possession of marijuana with intent to distribute and use of a communications facility in furtherance of a felony drug offense.

Defendant Jorgensen was charged in two counts with possession with intent to distribute cocaine and use of a communications facility in furtherance of a felony drug offense.