**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**David Talamantes TENORIO,
Defendant-Appellant.**

**No. 77–5160.**

United States Court of Appeals,
Fifth Circuit.

Jan. 9, 1978.

Roy R. Barrera, Terrence McDonald, San Antonio, Tex., for defendant-appellant.

David T. Tenorio, pro se.

Jamie C. Boyd, U. S. Atty., LeRoy Morgan Jahn, Robert S. Bennett, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before TUTTLE, COLEMAN and RONEY, Circuit Judges.

COLEMAN, Circuit Judge.

Appellant, David Talamantes Tenorio, was tried to a jury and convicted on both counts of a two count indictment charging: Count 1, conspiracy with Enrique Ramirez and Eugene A. Vasquez to possess heroin with intent to distribute, 21 U.S.C., §§ 841(a)(1), 846; Count 2, aiding and abetting Enrique Ramirez in the distribution of 12.1 grams of heroin to Russell Reina, 21 U.S.C., § 841(a)(1). He was sentenced to concurrent terms of fifteen years imprisonment on each count, plus a special parole term of fifteen years on each count. We affirm the convictions.

The government's non-hearsay evidence established that Officer Russell Reina of the San Antonio police department, operating in an undercover capacity on assignment to the Federal Drug Enforcement Administration, arranged a purchase of heroin from alleged co-conspirators Gene Vasquez and Enrique Ramirez. Reina had purchased heroin from Vasquez on six prior occasions. On May 14, 1976, at the time appointed for the transfer, Vasquez and Ramirez drove together to a shopping center where the sale was to take place. After arriving at that point, they talked for a few minutes and Ramirez then walked over to an Oldsmobile driven by Tenorio and sat down in the car with him. Tenorio and Ramirez talked for a few minutes, whereupon Ramirez got out of the car and Tenorio drove away.

Next, Officer Reina arrived, he and Ramirez spoke with each other, and Ramirez drove away from the shopping center to a nearby used car lot, where he met again with Tenorio. Tenorio got into Ramirez' car and the two drove to a convenience food store, where an unknown male walked directly up to the passenger side of the automobile where Tenorio was sitting. This unknown male handed Tenorio a *folded newspaper*, which Tenorio placed in his lap and immediately began to examine. Ramirez then drove away from the food store.

After Ramirez had departed the first shopping center, Vasquez and Officer Reina drove to another shopping center. Shortly after they arrived, Ramirez drove up, with Tenorio sitting in the passenger seat. Ramirez stopped next to Reina's car, got out and walked over to Reina's car with a *folded newspaper* in his hand. He then leaned into the car and dropped a package of heroin *from the newspaper* onto the seat. After inspecting the heroin, Officer Reina placed $350 in the newspaper. Ramirez refolded the paper and returned to his car. As Ramirez re-entered his car, he handed *the newspaper* to Tenorio.

As the sale was taking place, Tenorio had turned himself around in his seat and observed the transfer and was also glancing around in other directions. In the words of the surveilling agent, he looked around the parking lot "like he was a lookout for something", Record, Vol. II, p. 234.

We are convinced that this evidence, and the inferences which a jury could reasonably have drawn therefrom, would adequately support Tenorio's conviction for aiding and abetting. Under the conspiracy count, however, substantially incriminating hearsay was admitted. We cannot say that this conspiracy testimony could have had no influence on the verdict as to the substantive count. Accordingly, we do not apply the concurrent sentence doctrine but proceed to an evaluation of the conviction on the conspiracy count.

The government's hearsay evidence, some of which was presented prior to any of the non-hearsay proof, showed telephone conversations of Reina, Vasquez, and Ramirez—the first on May 10, and the second on the day of the transfer. During the second conversation Ramirez said that another individual would bring the heroin for the sale. At the first shopping center, after Tenorio had left, Ramirez informed Reina that the heroin source had just left the shopping center and was waiting for Ramirez to pick him up so that they could go together to pick up the heroin. Ramirez further informed Reina that the sale would take place at another shopping center immediately after the heroin pick-up. On the way over to the second shopping center where the transfer was then to take place, Vasquez stated to Officer Reina that the heroin source drove an Oldsmobile. At his various appearances in this scenario Tenorio was driving an Oldsmobile.

### The Conviction on the Conspiracy Count

Rule 104(a), Federal Rules of Evidence, became effective July 1, 1975.

Tenorio's trial began December 29, 1976.

Evidence under the conspiracy exception to the hearsay rule was admitted according to the Fifth Circuit practice prescribed by *United States v. Apollo*, 5 Cir. 1973, 476 F.2d 156, that hearsay declarations of a co-conspirator may be admitted with a cautionary instruction to the jury that the admission is subject to the jury's determination from independent evidence that a conspiracy existed and the defendant was a member of it.

Rule 104(a), (b) provides as follows:

Rule 104. *Preliminary Questions*

(a) *Questions of admissibility generally.* Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination it is not bound by the rules of evidence except those with respect to privileges.

(b) *Relevancy conditioned on fact.* When the relevancy of evidence depends upon the fulfillment of a condition of

fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

Rule 801(d)(2)(E) provides that a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy is *not hearsay*.

The appellant concedes, as the record conclusively shows, that at the trial in the District Court he never invoked Rule 104(a). He nevertheless contends that the failure to follow it was *plain error*. We are compelled to disagree. Had 104(a) been invoked, the result would have been exactly the same. The trial court would have been under a duty to admit the evidence that it did admit. To hold that the independent, non-hearsay evidence did not demonstrate Tenorio's membership in the conspiracy and in the actions in furtherance of it would be to embrace an absurdity. In this case, the failure to observe the rule was harmless, beyond a reasonable doubt.

We indulge in no comment on the application and use of Rule 104(a) until such shall have been appropriately raised at trial and preserved for review.

The other contentions raised by the appellant do not merit discussion.

The Judgment of the District Court is AFFIRMED.