**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph F. RADEKER,
Defendant-Appellant.**

**No. 79–2139.**

United States Court of Appeals,
Tenth Circuit.

Nov. 16, 1981.

Rehearing Denied Feb. 17, 1982.

Stephen M. Munsinger of Keene, Munsinger & Stuckey, Denver, Colo., for defendant-appellant.

John R. Osgood, Asst. U. S. Atty., Oklahoma City, Okl. (James E. Edmondson, U. S. Atty., Muskogee, Okl., with him on the brief), for plaintiff-appellee.

Before SETH, Chief Judge, DOYLE and McKAY, Circuit Judges.

McKAY, Circuit Judge.

█ Defendant was tried in September 1979, nearly a year after this court in *United States v. Andrews*, 585 F.2d 961 (10th Cir. 1978), held that under Fed.R.Evid. 104(a) and (b)[1] and 801(d)(2)(E)[2] a coconspirator's hearsay statement is *not admissible unless* the trial judge finds three facts by a preponderance of the evidence. The trial judge must determine that the conspiracy existed, that the declarant and the particular defendant were members of the conspiracy, and that the statement was made during the course of and in furtherance of the conspiracy.

█ Defendant properly objected to certain testimony as hearsay. The government concedes that "the court failed to then or later make a specific finding on the record that the government had carried its burden under the applicable rules." Brief of Appellee at 13. There is no support in the Federal Rules of Evidence or in *Andrews* for the proposition that a trial court can avoid its responsibility to make such a finding on the ground that the defendant did not request it.

1. Fed.R.Evid. 104(a) and (b) provide:

(a) Questions of admissibility generally. Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination it is not bound by the rules of evidence except those with respect to privileges.

(b) Relevancy conditioned on fact. When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

2. Fed.R.Evid. 801(d)(2)(E) provides:

(d) Statements which are not hearsay. A statement is not hearsay if—

. . . .

(2) Admission by party-opponent. The statement is offered against a party and is . . . (E) a statement by a coconspirator of a party *during the course and in furtherance of* the conspiracy.

Fed.R.Evid. 104(b) provides that the testimony is simply not admissible unless the condition is fulfilled: "the court shall admit it *upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.*" (Emphasis added).

*Andrews* held that "testimony, otherwise hearsay, offered against a coconspirator *cannot be admitted unless* the existence of the conspiracy is established by independent evidence." 585 F.2d at 966 (emphasis added). *Andrews* makes clear that hearsay testimony by an alleged coconspirator is inadmissible if the defendant properly objects to it. It becomes admissible *only if* the government carries its burden of proving, and the trial court specifically finds, the three facts mentioned above.

*United States v. Petersen*, 611 F.2d 1313 (10th Cir. 1979), *cert. denied*, 447 U.S. 905, 100 S.Ct. 2985, 64 L.Ed.2d 854 (1980), although decided after the trial of this case, explained the meaning of *Andrews*.

> [W]e held, in *Andrews*, that such statements could be admitted, at the close of all evidence and prior to submission of the case to the jury, *only if* the trial judge determines that it is "more likely than not" that the conspiracy existed, that the declarant and the defendant against whom the conspirator's statement is offered were members of that conspiracy, and that the statement was made during the course and in furtherance of the conspiracy.

611 F.2d at 1327 (emphasis added). We further explained that

> [o]ur *Andrews* holding was simply that a district court judge, under Rule 104 of the Federal Rules of Evidence, *must determine, prior to admission of the hearsay statement,* as a factual matter, that *the Government has shown* by independent evidence that it is more likely than not

that [the three facts described above existed].[3]

*Id.* at 1330.

Fed.R.Evid. 104, as *Andrews* and *Petersen* explain, explicitly conditions the admission of such statements upon a showing by the government and a specific finding by the trial court of the three facts described above. Nowhere does either opinion suggest that these duties of the government and the trial court arise only if the defendant specifically requests them. These obligations arose in this case when defendant objected to the testimony on the proper ground: hearsay. The government, as the party seeking to introduce the testimony, had the burden to see that the conditions were satisfied. We have recently reiterated and reinforced these rules governing the conspiracy exception to the hearsay rule. *United States v. Stipe*, 653 F.2d 446 (10th Cir. 1981).

We have also considered other cited cases and conclude that they do not support the government's position. In *United States v. Brewer*, 630 F.2d 795 (10th Cir. 1980), the issue was not raised on appeal, *id.* at 801, and therefore the court's discussion of that issue was dicta. In *United States v. Rios*, 611 F.2d 1335, 1340 (10th Cir. 1979), we held that *Andrews* did not apply because the trial was prior to *Andrews*. *United States v. Owen*, 536 F.2d 340 (10th Cir. 1976), has nothing to do with hearsay. *United States v. Kramer*, 521 F.2d 1073 (10th Cir. 1975), was decided before the effective date of the Federal Rules of Evidence and before *Andrews*.

The "hazard from loose application of rules of evidence" in conspiracy cases, *Krulewitch v. United States*, 336 U.S. 440, 453, 69 S.Ct. 716, 723, 93 L.Ed. 790 (1949) (Jackson, J., concurring), is present in this case, and makes reversal necessary.

---

**3.** A limited exception provides that if the government can show it is "not reasonably practical" to establish the existence of the conspiracy prior to the admission of hearsay evidence, the court may admit the statements subject to a subsequent finding of the three facts. *United States v. Petersen*, 611 F.2d at 1330. The government admits, however, that there was never any finding by the trial court in this case.

REVERSED AND REMANDED for a new trial.

SETH, C. J., does not concur in this opinion and filed a separate dissent.

SETH, Chief Judge, dissenting:

This circuit for an extended period of time has consistently followed the generally accepted doctrine that statements of co-conspirators are admissible if made during the course of the conspiracy and in furtherance of the conspiracy. We said in *Minner v. United States*, 57 F.2d 506 (10th Cir. 1932):

"The acts and declarations of a conspirator to be admissible against his co-conspirators must occur during the existence of the conspiracy and must be in furtherance of its objects. *Brown v. United States*, [150 U.S. 93, 14 S.Ct. 37, 37 L.Ed. 1010]; *Lane v. United States*, [34 F.2d 413 (8th Cir.)]."

We had made a similar statement in *Burns v. United States*, 279 F. 982 (8th Cir.). In *Bartlett v. United States*, 166 F.2d 920 (10th Cir. 1948), we said:

"However, to render evidence of the acts or declarations of an alleged conspirator admissible against an alleged co-conspirator, the existence of the conspiracy must be shown and the connection of the latter therewith established by independent evidence. . . . The acts or declarations of a conspirator, prior to the formation of the conspiracy or after its termination are not admissible against his co-conspirators."

And in *Glover v. United States*, 306 F.2d 594 (10th Cir.):

"To render evidence of the acts or declarations of an alleged conspirator admissible against an alleged co-conspirator, the existence of the conspiracy must be shown and the connection of the latter therewith established by independent evidence."

*See also Mares v. United States*, 383 F.2d 811 (10th Cir.); *Beckwith v. United States*, 367 F.2d 458 (10th Cir.); and *Tripp v. United States*, 295 F.2d 418 (10th Cir.). In *United States v. Kramer*, 521 F.2d 1073

(10th Cir.), we repeated the same formulation of the rule. The doctrine is set out in *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 38 S.Ct. 65, 62 L.Ed. 260.

*United States v. Montgomery*, 582 F.2d 514 (10th Cir.), was decided after the effective date of the Federal Rules of Evidence. We there considered the matter again and after referring to Rule 801(d)(2)(E) we quoted from *United States v. Pennett*, 496 F.2d 293 (10th Cir.), as follows:

"Hearsay statements of co-conspirators may be admitted against one another whenever the existence of the conspiracy is established by independent evidence. . . . Under *Mares*, such statements must be made during the conspiracy in order to be admissible. We followed and expanded this general rule in *United States v. Coppola*, 479 F.2d 1153 (10th Cir. 1973), wherein we noted that statements of co-conspirators made during the 'continuation' of the conspiracy are admissible. See also *Green v. United States*, 386 F.2d 953 (10th Cir. 1967). Such statements must, of course, be made in 'furtherance' of the conspiracy."

In *Montgomery* we also considered *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. Our early enunciation of the rule was in accordance with decisions of the Supreme Court. *See Dutton v. Evans*, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213, and the references in *Montgomery*. We have also applied the rule, although no conspiracy may have been charged, in *United States v. Jones*, 540 F.2d 465 (10th Cir.), and *Mares v. United States*, 383 F.2d 811 (10th Cir.), as have other circuits.

We repeated the same doctrine in *United States v. Andrews*, 585 F.2d 961 (10th Cir.), a case emphasized by the majority. *Andrews* like *Montgomery* followed the adoption of the Federal Rules of Evidence. Later in *United States v. Stipe*, 653 F.2d 446 (10th Cir.), we said: "This has been the law for many years but it has not been strictly enforced."

In a footnote in *United States v. Watson*, 594 F.2d 1330 (10th Cir.), we referred to

*Andrews* and Rule 104 and noted that the rule places the responsibility on the trial judge for determining preliminary questions as to the admissibility of statements of co-conspirators. We repeated the standards described in the pre-rule cases described above.

In *United States v. Rios*, 611 F.2d 1335 (10th Cir.), the doctrine is repeated and we stated that although *Andrews* was not to be applied retroactively the trial court could have applied the new rules between the time of their effective date and *Andrews*. We there indicated that either the judge or the jury should have determined the substantive elements but neither had done so.

With the advent of 801(d)(2)(E) substantive elements of the doctrine did not change in this circuit. The Committee's Note as to this portion of the rule generally states:

> "The limitation upon the admissibility of statements of co-conspirators to those made 'during the course and in furtherance of the conspiracy' is in the accepted pattern."

The *procedure* did change however in that under Rule 104(a), "[p]reliminary questions concerning . . . or the admissibility of evidence shall be determined by the court. . . ."

In *United States v. Andrews*, 585 F.2d 961 (10th Cir.), as mentioned, we repeated our prevailing substantive doctrine above recited and then described the change in procedure mandated by Rule 104(a). We noted that the judge was thereby required to make the preliminary determination of the elements and set out a standard of proof. Thus in this circuit, and in most others, the only change brought about by the rules was this one of procedure. *Andrews* thus held that the procedure had to change but did not alter the basic doctrine.

*Andrews* made no requirement as to how the trial judge should handle the matter other than make a "determination" as the rule required. Thus by *Andrews* this evidentiary ruling was like any of the myriad of admissibility questions where factual elements are present. There was no reason indicated in the rules or in our decisions,

*Andrews* and before, why this admissibility question should be handled differently. Again, this was the state of the rules and our decisions when this case was tried. The opinion in *Petersen*, 611 F.2d 1313, coming several months after this trial as the majority mentions did make some significant procedural changes. The majority suggests that *Petersen* "explained" the meaning of *Andrews*, but this was of little help to the trial judge nor is it to us on this appeal.

Even if in *Petersen* it was said that *Andrews* meant that the trial court must "determine" that the conspiracy existed, "must determine, prior to admission of the hearsay statement, as a factual matter," this is a requirement no different than any other evidentiary ruling. This was *Andrews* at the time of the trial even with the *Petersen* explanation. Thus no express recitation for the record was then required. The judge had to make a "determination" as the rule stated and he did so.

What happened in the case before us? After a series of questions and answers which developed the fact that Mr. Radeker became part of the group running the fence company, the question in issue was asked. The question, objection, and ruling thus came after the witness Shackelford had already testified that he had been instructed that Mr. Radeker was to take John Crossland's place in the fence company. He said he was so instructed by Mack Crossland. There followed these questions, answer, and objections upon which this appeal is centered:

> "Q   What did he say, how did he explain that?
>
> "A   Well, he just said that John had left town.
>
> "MR. SMITH: Your Honor, object. That would be hearsay.
>
> "MR. OSGOOD: Your Honor, it's an exception to the hearsay rule, statement made in the course of the furtherance of a conspiracy.
>
> "THE COURT: Overruled.
>
> "Q   (By Mr. Osgood) Would you answer the question, please?"

We must consider the testimony of the several witnesses who had preceded Mr. Shackelford on the stand to establish the conspiracy-joint venture, and note the testimony given by the witness before the hearsay objection was made. From this it must be concluded that the substantive requirements of Rule 801(d)(2)(E) were met.

The majority does not urge that there was any defect in the proof, that the case was weak, nor that the basic substantive elements which trigger the rule were not present. This aspect of the case must be addressed in view of our opinions which consider the nature of the error if there be one, especially *United States v. Brewer*, 630 F.2d 795 (10th Cir.). We should also note the joint venture aspect of the rule and of this case.

As to procedure we are here concerned with subsection (a) of Rule 104 of the Federal Rules of Evidence. The question is the *admissibility* of evidence, otherwise hearsay, and not a relevancy question. The only condition attached by the (b) subsection of 104 to the several matters in (a) (qualifications of a person to be a witness, existence of a privilege, and the admissibility of evidence) is directed to the matter of *relevancy* and that only. We are not here concerned in any way with a *relevancy* question and, of course, not a conditional relevancy question. We have a straightforward admissibility issue under 104(a) directed to the testimony of a co-conspirator under Rule 801. Rules 104(a) and 104(b) cannot be mixed together in such a way as to apply the *relevancy* conditions, procedure, or wording of 104(b) to this *hearsay*-admissibility question. If the admissibility issue turned on conditional relevancy we would have another and different question. Rule 104(b) is so constructed to separate out relevancy questions from the many admissibility questions. Thus 104(b) starts: "When the relevancy of evidence depends upon . . . ." The majority quotes from Rule 104(b) (at page 244 of its opinion) concerning the fulfillment of "the condition," but this is an entirely different "condition" than the *Andrews* conditions being there discussed. Instead, this is the factual *relevancy condition* (conditional relevancy), the only subject with which the (b) subsection is concerned. These are not the factual matters of the (a) subsection concerned with the other admissibility matters.

If the trial judge did not follow Rule 104(a), what should be the consequences? We said in *United States v. Brewer*, 630 F.2d 795 (10th Cir.):

> "Unfortunately, the procedures announced in *Andrews*, and refined in *Petersen*, were not employed. However, no objections to these omissions were lodged at trial, or on appeal. Under such circumstances, reversal is not warranted 'absent grave error which amounts to a fundamental miscarriage of justice.'"

We then in *Brewer* quoted from *Petersen* :

> "[O]ur decision in *Andrews* was not based on constitutional grounds; rather it was premised on the proposition that the recently adopted Federal Rules of Evidence altered the procedural requirements in this area.'"

We went on to state in *Brewer* that there was no plain error. There was, of course, no objection in the case before us to any failure to follow any particular procedure in the ruling and thus again no plain error. We also said in *Brewer* as to plain error: "The prior procedures adequately protected each appellant." Thus in *Brewer* and here there are no substantial rights of the defendant involved.

In *Brewer* on a somewhat different matter we mention, as the quotation demonstrates, that someone should have raised the procedural issue in the trial court. This issue, because the case was after *Petersen*, would have been the failure to make some sort of "finding" to support the admissibility ruling. The ruling was against the defendant and if it was in some way procedurally defective, the defect, according to *Brewer*, should have been raised by the defendant. We have the same situation before us on this appeal, but the appellant would have us depart from *Brewer*.

In *United States v. Calabrese*, 645 F.2d 1379 (10th Cir.), which also concerned a pre-

*Petersen* trial, the trial judge postponed his determination as to the admissibility question and then decided that a conspiracy existed and the defendants were part of it. As to the other required elements, that is, whether the statements were in furtherance of the conspiracy and made during the conspiracy, the trial court said nothing, but we examined the record and found those conditions to have been met and held this to be sufficient. This in substance is not greatly different from the situation before us.

In *United States v. Bell*, 573 F.2d 1040 (8th Cir.), the court said of this matter:

"Moreover, appellant failed to request the finding he now contends was necessary. Given the dearth of appellate guidance on point, the absence of a formal finding of admissibility was not plain error."

Other courts have reached the same conclusion we did in *Brewer* as to the nature of the error. *See United States v. Nickerson*, 606 F.2d 156 (6th Cir.); *United States v. Continental Group, Inc.*, 603 F.2d 444 (3d Cir.); *United States v. Eubanks*, 591 F.2d 513 (9th Cir.); *United States v. Fuel*, 583 F.2d 978 (8th Cir.) (not plain error); *United States v. Smith*, 578 F.2d 1227 (8th Cir.); *United States v. Tenorio*, 565 F.2d 943 (5th Cir.). The factors of the strength of proof of guilt, the proof of the conspiracy, are basically the same in this case as in *Brewer*.

It seems apparent that had the defendant really wanted anything more than a bare ruling on his hearsay objection as he now urges he would have asked for it. This could have been done before making the objection, after making the objection, or after the ruling. He opted instead for a bare ruling and that is what he got. The defendant could have asked to approach the bench or otherwise ask for consideration outside the hearing of the jury either before or after the objection. He could have, and had he wanted to test the procedural aspect as he now complains he should have made a request. This was within his discretion in his trial strategy, or as the court in *Bell* said: "[A]ppellant failed to request the finding he now contends was necessary."

In conclusion I find it difficult to attribute any significance in the resolution of this appeal to the proposition that *Andrews* was explained in *Petersen*. The explanation, in any event, was that a "determination" be made.

The responsibility was on the defendant to raise the same procedural issue in the trial court that he seeks to raise here. This he did not do. The "hearsay" ruling was adverse to his position. If he wanted more it was his obligation to act not that of the trial court. The bare ruling cannot be used as a basis for error deliberately induced or as an afterthought.

In view of the nature of the asserted error, a procedural matter as we held in *Petersen*, it was not reversible error. The rights of the defendant were adequately protected by prior procedures. This we said in *Brewer* and as we there said it was not plain error. No substantial rights of the defendant were involved.

Thus I must respectfully dissent from the position expressed by the majority and would thus affirm the conviction.