974 F.2d 1346
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Barton Lee MURPHY, Defendant-Appellant.
 No. 91-2251.
 United States Court of Appeals, Tenth Circuit.
 Aug. 13, 1992.
 
 Before BALDOCK, SETH and PAUL J. KELLY, Jr., Circuit Judges.*
 ORDER AND JUDGMENT**
 PAUL J. KELLY, Jr., Circuit Judge.
 
 
 1
 In a jury trial, Defendant-appellant Barton Lee Murphy was convicted of conspiracy to distribute cocaine, five counts of possession with intent to distribute less than 500 grams of cocaine, maintaining a place for the purpose of distributing cocaine, and using a telephone to facilitate the distribution of cocaine. 21 U.S.C. §§ 841(a)(1), 843, 856, 846; 18 U.S.C. § 2. He was sentenced to several concurrent terms, the longest of which was ten years with eight years of supervised release. On appeal, Mr. Murphy argues that the district court erred (1) in admitting certain coconspirator statements that were not in furtherance of the conspiracy, and (2) in conditionally admitting coconspirator hearsay before making necessary findings. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.
 
 
 2
 Mr. Murphy contends that the district court failed to follow United States v. Radeker, 664 F.2d 242 (10th Cir.1981), which was reaffirmed in United States v. Perez, 959 F.2d 164 (10th Cir.1992), concerning the admission of coconspirator hearsay. Coconspirator hearsay is not admissible under Fed.R.Evid. 802(d)(2)(E) unless the trial court makes three findings: (1) a conspiracy existed, (2) the declarant and the defendants were members, and (3) the statements were made during the course and in furtherance of the conspiracy. Perez, 959 F.2d at 164; Radeker, 664 F.2d at 243. In his brief, Mr. Murphy refers to "independent evidence" necessary for such findings. The district court is not restricted to evidence independent of the hearsay statements in deciding whether a conspiracy exists and whether defendant was a member of it. Bourjaily v. United States, 483 U.S. 173, 180, 183-84 (1987). Here, the district court made the requisite findings after the government's case, rather than at the time the statements were offered over Mr. Murphy's objection.
 
 
 3
 Mr. Murphy contends that the requisite findings should have been made prior to the admission of hearsay statements, in conformity with the "preferred order of proof." See United States v. Petersen, 611 F.2d 1313, 1330-31 (10th Cir.1979), cert. denied, 447 U.S. 905 (1980); United States v. Andrews, 585 F.2d 961, 964-66 (10th Cir.1978). The Supreme Court has declined to pass on the "preferred order of proof," Bourjaily, 483 U.S. at 176 n. 1, and the rationale for it has been undercut somewhat by the Supreme Court's elimination of our "independent evidence" requirement for proving the existence of a conspiracy and membership therein. Be that as it may, we have recognized that a trial judge has "considerable discretion" to conditionally admit the statements subject to their later being connected up. Hernandez, 829 F.2d at 994 n. 6. Indeed, the "preferred order of proof" may be a rule more honored in the breach. See United States v. Cardall, 885 F.2d 656, 669 (10th Cir.1989) (collecting cases where trial court's discretion to deviate upheld). See also United States v. Pinto, 838 F.2d 426, 432-33 (10th Cir.1988). What matters is that the trial judge made the requisite findings, thus, this case is distinguishable from Radeker and Perez where the lack of any such findings was reversible error. The trial judge did not abuse his discretion in making the necessary findings at the close of the government's case.
 
 
 4
 Mr. Murphy objected to various taped statements made by a coconspirator to a cooperating witness which portrayed Mr. Murphy as a cartel-volume drug dealer. The cooperating witness ostensibly was purchasing cocaine and the coconspirator's statements were calculated to reassure him concerning the reliability of the supplier, Mr. Murphy. While some of the statements are crude, the district court did not abuse its discretion in admitting them. See United States v. Brown, 943 F.2d 1246, 1254 (10th Cir.1991) (abuse of discretion standard). Such statements were designed to advance the purpose of the conspiracy, to supply cocaine. See United States v. Smith, 833 F.2d 213, 219 (10th Cir.1987); United States v. Gomez, 810 F.2d 947, 953 (10th Cir.), cert. denied, 482 U.S. 908 (1987). The judgment of conviction and sentence are AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 Pursuant to our July 2, 1992, order, this case was submitted for disposition on the briefs pursuant to Fed.R.App.P. 34(a) and 10th Cir.R. 34.1.9
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3