**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Hector RASCON, Defendant–Appellant.**

No. 92–2223.

United States Court of Appeals,
Tenth Circuit.

Nov. 9, 1993.

Adam G. Kurtz, Albuquerque, NM, for defendant-appellant.

Louis E. Valencia, Asst. U.S. Atty. (Larry Gomez, U.S. Atty., D. N.M.), Albuquerque, NM, for plaintiff-appellee.

Before McKAY, Chief Judge, GOODWIN,* and SEYMOUR, Circuit Judges.

McKAY, Chief Judge.

Mr. Rascon appeals his conviction for two counts of conspiracy to possess with intent to distribute less than fifty kilograms of marijuana. He alleges that the district court abused its discretion by failing to make certain coconspirator hearsay findings on the record pursuant to Federal Rule of Evidence 801(d)(2)(E) and the Confrontation Clause of the Sixth Amendment. The defendant further contends that there was insufficient evidence in the record to establish by a preponderance of the evidence that defendant was a member of the conspiracy and that the hearsay statements offered against him were made in furtherance thereof.

■ As a preliminary matter, the government argues that the defendant has not preserved his right to appeal because defense counsel failed to object specifically to each hearsay statement at trial pursuant to Federal Rule of Evidence 103(a)(1). However, prior to trial, defense counsel cited Federal Rule of Evidence 801 and requested a preliminary hearing as to the admissibility of each of the coconspirator statements that the government intended to offer. The district judge acknowledged that three separate findings had to be made before the coconspirator hearsay statements could be used against the defendant: that a conspiracy existed, that the declarants and defendant were each members of that conspiracy, and that the statements were made in furtherance of the conspiracy. (Appellant's App. at 9–10.) The district judge denied defense counsel's request, however, explaining that he preferred to admit the evidence and make the requisite findings at an appropriate time during the trial rather than hold a preliminary hearing. The district judge explicitly placed the responsibility on the government to notify him at the point in the trial when the government felt that it had met the Rule 801(d)(2)(E) standard, and stated that he would make admissibility determinations at that time and instruct the jury accordingly. (Appellant's App. at 10.)

Given the understanding between the court and the parties as to how the trial was to unfold procedurally, we do not believe that the defendant had a responsibility to object to each hearsay statement in order to preserve the issue for appeal. Even were it not for the unique facts of this case, our opinion

---

* Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

in *United States v. Perez*, 989 F.2d 1574, 1580 (10th Cir.1993), makes clear that the burden rests on the government to ensure that the trial court makes all of the required findings under Rule 801(d)(2)(E). "Consequently, a defendant who makes a hearsay objection has done all he need do to preserve for appeal the failure of the district court to make the required coconspirator findings." *Perez*, 989 F.2d at 1580. Thus, defendant's initial objection and request for a preliminary hearing was sufficient in this case to preserve his right to appeal.[1] The district court's discussion of Rule 801 and the fact that the court ultimately made two of the three required findings confirms our belief that the district court was on notice of the defendant's objections and ensures us that the policies behind Federal Rule of Evidence 103(a)(1) were satisfied in this case. *See United States v. Barbee*, 968 F.2d 1026, 1030–1031 (10th Cir.1992); Notes of Advisory Committee on 1972 Proposed Rules, subdivision (a) (stating that the reason for the rule requiring a proper objection is to call the judge's attention to the error, alert the judge to the proper course of action, and enable opposing counsel to take proper corrective measures).

■ Turning to the merits of the defendant's appeal, the district court made only two findings on the record: 1) that a conspiracy existed, and 2) that the defendant, Manuel Rascon, Aleisa Bustillos, and Emiglio Bustillos were all members of that conspiracy. (Appellant's App. at 109.) Thus, it appears that the district court failed to make two findings that it should have made: 1) that each of the coconspirator hearsay statements were made in furtherance of the conspiracy, and 2) that one of the declarants, Jose Ramon Leal–Rodriguez, was a member of the conspiracy. The court's failure to make these required findings on the record was an abuse of discretion. *See Perez*, 989 F.2d at 1581.

■ At the time of the defendant's trial, a failure of a district court to make all three Rule 801(d)(2)(E) findings on the record was per se reversible error entitling the defendant to a new trial. *See United States v. Perez*, 959 F.2d 164, 167–68 (10th Cir.1992) (applying *United States v. Radeker*, 664 F.2d 242 (10th Cir.1981)), *vacated on reh'g en banc, United States v. Perez*, 989 F.2d 1574 (10th Cir.1993). However, during the period when defendant's appeal was pending before this court, the Tenth Circuit en banc overruled the per se reversible error rule of *Radeker*, instead applying either constitutional or nonconstitutional harmless error analysis depending on the type of objection made by the defendant at trial. *United States v. Perez*, 989 F.2d 1574 (10th Cir.1993) (hereinafter *Perez II*). In the interest of judicial economy, *Perez II* also modified the procedure upon remand. Under *Perez II*, instead of automatically granting a new trial if the district court's error is deemed not harmless, the case is sent back to the trial court for it to make the findings on the record that it failed to make in the first instance. *Id.* at 1581. If the court determines that all of the requisite Rule 801(d)(2)(E) findings have not been established, a new trial is necessary. If, however, the trial court finds that all three prongs have been established by a preponderance of the evidence, the conviction stands and the court of appeals retains jurisdiction to review the trial court's findings on this issue. *Id.*

Defendant argues that we must apply the *Radeker* per se reversible error rule to his appeal because it would violate his due process rights to apply the *Perez II* harmless error analysis retroactively. At this juncture it is irrelevant which analysis is applied, however, because this case must be remanded even under the stricter *Perez II* standard. As set forth in *Perez II*, "[t]he harmless error analysis of the alleged violation of Rule 801(d)(2)(E) proceeds under the nonconstitutional standard of *Kotteakos v. United States*,

---

1. After oral argument, the government filed a statement of supplemental authority referring the court to *United States v. Mejia–Alarcon*, 995 F.2d 982 (10th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 334, 126 L.Ed.2d 279 (1993). *Mejia* sets forth a three-part test for determining when a pretrial motion in limine will preserve an objection for appeal. In light of the unique facts of this case and the special procedure set out in *Perez II* for Rule 801(d)(2)(E) situations, we conclude that our analysis in this case is not inconsistent with *Mejia*.

328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946)." *Perez*, 989 F.2d at 1583. "A nonconstitutional error is harmless unless it had a 'substantial influence' on the outcome or leaves one in 'grave doubt' as to whether it had such an effect." *United States v. Rivera*, 900 F.2d 1462, 1469 (10th Cir.1990) (citing *Kotteakos*, 328 U.S. at 765, 66 S.Ct. at 1248).

The record reveals that the coconspirator hearsay testimony was the most damaging and probative evidence offered by the government against the defendant. If one discounts the disputed hearsay testimony, the evidence remaining as to the defendant's alleged involvement in the conspiracy is minimal. Thus, the district court's error was not harmless. In addition, the "in furtherance" requirement of 801(d)(2)(E) was intended to be a significant obstacle for the government; it is to be strictly construed and narrowly applied. *Perez*, 989 F.2d at 1578. Consequently, remand is necessary so that the trial judge can carefully scrutinize the statements before determining their admissibility.

■ Defendant further contends that upon remand he is entitled to a new trial automatically under *Radeker*, rather than merely a hearing as to the remaining Rule 801(d)(2)(E) findings pursuant to *Perez II*. The defendant argues that, if *Perez II* were applied retroactively to deny him a new trial, his due process rights would be violated. This court applies a two-part test to determine if the retroactive application of a judicial rule violates a criminal defendant's due process rights. First, the retroactive application of the new rule must constrict rather than expand the defendant's rights. *United States v. Morehead*, 959 F.2d 1489, 1511 (1992). Second, the new rule must have been unexpected and unforeseeable at the time of defendant's trial. *Id.* at 1512.

Turning to the first step, we hold that an application of *Perez II* would not constrict Mr. Rascon's rights, and thus apply it retroactively. Under the old *Radeker* rule, a defendant was automatically granted a new trial if the district court failed to make the Rule 801(d)(2)(E) findings—regardless of whether the coconspirator hearsay statements were erroneously admitted at trial. Recognizing that in some cases a new trial is not necessary because the statements were correctly admitted despite district court's failure to make its findings on the record, *Perez II* set up a post-trial step for the district court to make the findings it failed to make originally. Thus, *Perez II* is merely a rule of judicial economy that does not substantively affect the merits of a trial in any way.

If, upon remand under *Perez II*, the district court made the Rule 801(d)(2)(E) findings and determined that the coconspirator hearsay statements were properly admitted at the original trial, then there is nothing that a new trial could correct. If a new trial were to be held anyway, the government would be entitled to put on the same evidence that it did in the first trial. The procedure and governing law would be identical to the original trial—the only exception being that the district court would make the requisite Rule 801 findings before or during trial rather than after. If upon remand, however, the district court determined that the statements were improperly admitted, Mr. Rascon would get a new trial just as he would under *Radeker*.

Thus, an application of *Perez II*, at most, would merely deny the defendant a chance to relitigate his case in front of a new jury. The only difference between the first trial and second trial would be the time at which the Rule 801(d)(2)(E) findings were made. Because he was convicted, Mr. Rascon undoubtedly would prefer a new trial outright even if the coconspirator hearsay statements were properly admitted the first time around. A criminal defendant is not entitled to have a new jury re-weigh the evidence, however, if no mistakes were made at the first trial and if a new trial would not differ substantively or procedurally from the first in any material way. Having held that a retroactive application of *Perez II* would not constrict Mr. Rascon's rights, we need not reach the second step of *Morehead*.

■ Finally, the defendant argues that the evidence is insufficient to support findings by a preponderance of the evidence as to the Rule 801(d)(2)(E) requirements. When making the 801(d)(2)(E) admissibility determina-

tions, district courts may consider the hearsay statements themselves. *Bourjaily v. United States*, 483 U.S. 171, 181, 107 S.Ct. 2775, 2781, 97 L.Ed.2d 144 (1987). However, most courts require some reliable corroborating evidence apart from the coconspirator's statements before those statements may be used. *United States v. Martinez*, 825 F.2d 1451, 1452 (10th Cir.1987); *United States v. Garbett*, 867 F.2d 1132, 1134 (8th Cir.1989); *United States v. Silverman*, 861 F.2d 571, 577 (9th Cir.1988); *United States v. Zambrana*, 841 F.2d 1320, 1344–45 (7th Cir.1988); *United States v. Daly*, 842 F.2d 1380, 1386 (2d Cir.), *cert. denied, sub nom. Giardina v. United States*, 488 U.S. 821, 109 S.Ct. 66, 102 L.Ed.2d 43 (1988).

■ As we previously noted, the district court found that a conspiracy existed and that the defendant and all but one of the declarants were members of that conspiracy. In light of *Bourjaily*, we cannot conclude that these findings were unsupported by the record or were erroneous. In addition, although the independent evidence was not substantial, there was enough corroborating evidence apart from the coconspirators' statements to justify these findings. As to the determinations upon remand, whether the statements were made in furtherance of the conspiracy and whether Mr. Leal–Rodriguez was a member of the conspiracy, we cannot say that, when the hearsay statements themselves are included, there is such a dearth of evidence that no court could find against the defendant on these matters by a preponderance of the evidence. Thus, the defendant's sufficiency arguments are without merit.

In summary, we hold that Mr. Rascon's objection to the coconspirator statements was adequately preserved for appeal. We conclude that the district court abused its discretion by not making two of the requisite findings on the record. Because this abuse of discretion was not harmless, the case is remanded for the district court to make findings on the record as to whether the hearsay statements were made in furtherance of the conspiracy and whether the government's last declarant, Mr. Leal–Rodriguez, was a member of the conspiracy. The district court is directed to conduct the hearing in accordance with the procedure announced by this court in *United States v. Perez*, 989 F.2d 1574 (10th Cir.1993).

REVERSED in part and REMANDED.