60 F.3d 837
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Wilfred Ernesto MARES, a/k/a Ernie Mares, Defendant-Appellant.
 No. 94-8087.
 United States Court of Appeals, Tenth Circuit.
 June 23, 1995.
 
 Before SEYMOUR and BARRETT, Circuit Judges, and DAUGHERTY, District Judge.*
 ORDER AND JUDGMENT**
 DAUGHERTY, District Judge.
 Defendant Wilfred Ernesto Mares appeals his convictions on one count of conspiracy to possess with intent to distribute and to distribute, and a second count of possession with intent to distribute and to distribute methamphetamine, a Schedule II controlled substance, and his sentence imposed pursuant to the Sentencing Guidelines. The Defendant contends that the evidence was insufficient to support his convictions; the trial court should have excluded certain co-conspirator statements; the calculation of the amount of drugs for sentencing purposes and the application of the statutory minimum sentence was clearly erroneous; and the prosecutor engaged in misconduct. We exercise jurisdiction pursuant to 28 U.S.C. Sec.1291 and affirm.
 I. BACKGROUND
 On July 28, 1993, Defendant Wilfred Ernesto Mares was named in an indictment charging him with one count of conspiracy to possess with intent to distribute and distribution of methamphetamine in violation of 21 U.S.C. Secs.846, 841(a)(1), and 841(b)(1)(A), and one count of possession with intent to distribute and distribution of methamphetamine in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(B).
 The indictment charged that on or about February 14, 1992, through May 11, 1992, the Defendant and his wife, Tena Mares, participated in a conspiracy to possess with intent to distribute and to distribute methamphetamine. The Defendant and Tena were alleged to have traveled from their home in Santa Maria, California, to Casper, Wyoming, to deliver multi-ounce quantities of methamphetamine in the Casper area.
 As a part of the conspiracy, the Defendant and his wife were alleged to have delivered methampetamine to Patricia Page, who sold the methamphetamine in Wyoming and sent the money back to the Defendant and Tena in California.
 The indictment further alleged that the Defendant and Tena later began sending quantities of methamphetamine to Page via United Parcel Service ("UPS"), using aliases on the packages. After receiving and selling the drugs, Page purchased American Express money orders made out to Tena in payment for the drugs, or would send cash or cashier's checks. The Defendant and Tena were charged with having sent in excess of 41 ounces of methamphetamine to Page during the course of the conspiracy and receiving in excess of $43,000 from her in payment.
 Tena Mares pled guilty on May 4, 1994, and was sentenced to a term of 30 months. The Defendant pled not guilty, asserting then, as he does now on appeal, that Tena Mares and Patricia Page were the only participants in the conspiracy. The Defendant's trial was held in May 1994.
 During the course of the Defendant's trial, both Tena Mares and Patricia Page testified regarding the various drug transactions, and both maintained that the Defendant was a member of the conspiracy. As to the amount of drugs received by Page from the Defendant and Tena, Page testified that she initially received a total of three ounces from the Mareses during their visit to Wyoming. Page also testified as to the shipments of methamphetamine via UPS, and the business records of UPS corroborated that at least six shipments were received by Page from February 1992 through April 1992. Page testified that the shipments initially consisted of two ounces of methamphetamine per shipment, which amount was later increased to four ounces per shipment. UPS reflected three shipments prior to April 1992, which shipments Page testified would have contained only two ounces. Drug ledgers seized from Page's home indicated that she received at least five shipments of methamphetamine, four ounces per shipment, in the month of April 1992. Page also testified that, during the time period of the conspiracy, she received two UPS shipments at other locations. The Government urged that these two shipments probably contained four ounces of methamphetamine each, as they were received in April 1992 after the amount of drugs per shipment had increased. As a result, the Government urged that Page received at least 41 ounces of methamphetamine from the Defendant and Tena, including four ounces seized by law enforcement officials after notification by a suspicious UPS employee.
 The jury found the Defendant Mares guilty.
 On April 26, 1994, the Defendant was personally served with a Notice-Information of the Government's intent to seek an enhanced penalty pursuant to 21 U.S.C. Sec.841(b)(1)(A) of mandatory life imprisonment, based on the Defendant's two prior felony drug convictions in Wyoming state court. At sentencing, the trial court found that the two prior convictions were related and grouped the convictions together as one qualifying conviction under 21 U.S.C. Sec.841(b)(1)(A). The Court then imposed the statutory minimum sentence of 20 years. This appeal followed.
 II. ISSUES
 A. Sufficiency of the Evidence
 The Defendant contends that the evidence presented at trial was insufficient to support his convictions. In determining the sufficiency of the evidence, this Court reviews the record de novo. United States v. Urena, 27 F.3d 1487, 1489 (10th Cir. 1994); United States v. Grimes, 967 F.2d 1468, 1472, cert. denied, U.S. , 113 S.Ct. 355, 121 L.Ed.2d 269 (1992). This Court examines the evidence in the light most favorable to the Government and determines only whether any reasonable jury could find the Defendant guilty beyond a reasonable doubt. United States v. Garcia, 994 F.2d 1499, 1504 (10th Cir. 1993); Jackson v. Virginia, 443 U.S. 357, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Credibility choices are to be resolved in favor of the jury's verdict. United States v. Horn, 946 F.2d 738, 741 (10th Cir. 1991).
 Applying this standard of review to the evidence presented at the Defendant's trial, we hold that the evidence was more than sufficient for a jury to find the Defendant guilty beyond a reasonable doubt. Both Tena Mares and Patricia Page testified that the Defendant actively participated in the conspiracy. The Defendant contends in this appeal that their testimony was inconsistent and unbelievable. However, the jury found otherwise, and we must defer to their decision on this issue.
 B. Co-Conspirator Statements
 Defendant Mares asserts that the district court erred in admitting certain co-conspirator statements pursuant to Fed. R. Evid. 801(d)(2)(E), which provides that "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy" is not hearsay.[1] More specifically, Mares contends that there was insufficient corroborating evidence, independent of the statements themselves, to establish that he was a member of the conspiracy.
 This Court will not reverse the trial court's evidentiary ruling absent a finding of abuse of discretion. United States v. Harmon, 918 F.2d 115, 117 (10th Cir. 1990); United States v. Reyes, 798 F.2d 380, 383 (10th Cir. 1986). Co-conspirator statements are properly admitted into evidence if the trial court finds, by a preponderance of the evidence, that (1) a conspiracy existed; (2) both the declarant and the defendant were members of the conspiracy; and (3) the statements were made in the course of and in furtherance of the conspiracy. United States v. Johnson, 911 F.2d 1394, 1403 (10th Cir. 1990); United States v. Caro, 965 F.2d 1548, 1557 (10th Cir. 1992).
 "The Court was at one time limited to consideration of evidence independent of the co-conspirator testimony in making the above determinations, but under the recent Supreme Court ruling in Bourjaily v. United States, 483 U.S. 171, 179, 107 S.Ct. 2775, 2781, 97 L.Ed.2d 144 (1987), this is no longer so. The Court may now examine the hearsay statements sought to be admitted as well as independent evidence presented as 'at least a partial basis for the findings necessary to admit the statements into evidence."'
 Johnson, 911 F.2d at 1403, citing United States v. Hernandez, 829 F.2d 988, 993 (10th Cir. 1987).
 At the pretrial James hearing,[2] the trial court found that there was a conspiracy to distribute methamphetamine and that Wilfred Mares, Tena Mares and Patricia Page were members of that conspiracy. The Court further found that the statements of Page, the letters from Page to Tena Mares and the transcript of the telephone conversation, all sought to be admitted as co-conspirator statements, were made in the course of and in furtherance of the conspiracy. The Court acknowledged that independent corroborating evidence is required prior to the admission of co-conspirator statements, United States v. Rascon, 8 F.3d 1537, 1541 (10th Cir. 1993), but specifically found such independent evidence to exist. The Court stated that while Patricia Page provided "a wealth of information," the investigating agents could confirm much of that information with other sources, such as hotel records, Federal Express records and two anonymous crime tips received by police officers in Casper, Wyoming.
 Our review of the record confirms the district court's findings on this issue. The independent corroborating evidence does not have to be substantial, Rascon, 8 F.3d at 1541, and there was enough of such corroborating evidence presented to the district court to justify its findings. We hold the Court did not abuse its discretion in admitting the co-conspirator statements and the Defendant's sufficiency arguments are without merit.[3]
 C. Sentencing Guideline Issues
 The Defendant next asserts that the trial court improperly calculated the drug quantity attributable to him for sentencing purposes. The Defendant concedes, however, that the estimate of the amount of drugs used in calculating his Guideline sentence may be moot if this Court upholds the trial court's application of the statutory minimum sentence provided for in 21 U.S.C. Sec. 841(b)(1)(A). In this connection, the Defendant asserts that the Government's pretrial notice seeking an enhanced penalty, filed pursuant to 21 U.S.C. Sec. 851, was legally insufficient.
 This Court reviews a sentencing court's factual determinations under a clearly erroneous standard and "affords due deference to the district court's application of the Guidelines to the facts." United States v. Easterling, 921 F.2d 1073, 1077 (10th Cir. 1990), citing United States v. Boyd, 901 F.2d 842, 845 (10th Cir. 1990). Issues concerning the legality of the Defendant's sentence are reviewed de novo. United States v. Gonzales-Lerma, 14 F.3d 1479, 1484 (10th Cir. 1994).
 21 U.S.C. Sec.841(b)(1)(A) provides in pertinent part that a defendant shall be sentenced to a term of imprisonment of at least 20 years "[i]f any person commits such violation after a prior conviction for a felony drug offense has become final." The statutory minimum sentence is triggered if more than 100 grams of methamphetamine or one kilogram of a substance containing methamphetamine is involved in the crime. The Defendant Mares' conviction and sentence was based on 41 ounces of methamphetamine, which translates to 1,165.35 grams. In this appeal, the Defendant asserts that only the four ounces of methamphetamine seized by law enforcement officials was proven, while the remaining 37 ounces was based on mere speculation. The Defendant also contends that it was unclear from the chemical analysis whether the methamphetamine was considered actual methamphetamine or methamphetamine contained in a mixture.
 After reviewing the record, we believe the estimate of 41 ounces of methamphetamine attributed to the Defendant has the requisite "minimum indicia of reliability" to justify its use in calculating the Defendant's sentence. United States v. McIntyre, 997 F.2d 687, 709 (10th Cir. 1993); Easterling, 921 F.2d at 1077. As stated above, Page testified that three ounces of methamphetamine was personally delivered to her by the Defendant, six ounces was shipped to her in three deliveries prior to April 1992, her drug ledger reflected an additional 20 ounces shipped subsequent to April 1992, and four ounces was intercepted by law enforcement authorities.
 It is only the final two deliveries in which the quantity of methamphetamine involved is somewhat speculative. Page testified that the drug was never shipped in less than two-ounce quantities, resulting in a minimum total amount of methamphetamine of 37 ounces. The Government asserts, and we agree, that it is reasonable to assume that both of those last shipments contained four ounces apiece, bringing the total methamphetamine amount to 41 ounces. The final two shipments occurred subsequent to April 1992, when it was testified that the quantity of drug being shipped increased from two to four ounces.
 In any event, whether the amount of 37 or 41 ounces is used makes no difference to the result in this case, as both figures translate to an amount in excess of 1,000 grams, thus triggering the enhanced penalty imposed by the trial court.[4] We hold that the district court's factual determinations regarding the quantity of illegal drugs were not clearly erroneous.[5]
 We next turn to the Defendant's contention that the notice he received pursuant to 21 U.S.C. Sec.851[6] was insufficient, thus prohibiting the imposition of the 20-year minimum mandatory sentence. The Defendant concedes that the Government filed and served the notice seeking enhanced penalty as required prior to trial, but asserts that the notice was defective for the reason that the penalty specifically sought in the notice was life without parole. As a result, the Defendant contends that the Government should be limited to the stated penalty and should not be allowed to seek the lesser penalty of 20 years.
 The Defendant's position on this issue is completely without merit. First, the statute requires only that the previous convictions be stated in writing, not that the penalty sought be similarly stated. More importantly, the Defendant was admittedly put on notice of the maximum penalty that he might receive. Any suggestion that the notice is somehow flawed because he received less than the statutory maximum is frivolous. The trial court's imposition of the 20-year minimum mandatory sentence should be affirmed.
 D. Prosecutorial Misconduct
 Lastly, the Defendant feebly contends that certain statements made by the prosecutor in his closing argument were so improper as to deprive him of a fair trial. No objection to the allegedly improper comments was made by the defense at trial, so as a result we review only for plain error. United States v. Ellzey, 936 F.2d 492, 497 (10th Cir. 1991), citing United States v. Lonedog, 929 F.2d 568, 570 (10th Cir. 1991). "Plain error is fundamental error, something so basic, so prejudicial, so lacking in the elements that justice cannot be done." Lonedog, 929 F.2d at 570.
 
 
 1
 The Defendant objects to the prosecutor describing the drug conspiracy as "a plot hatched in hell by the devil," mentioning that Tena Mares was only 14 years old when she became involved with the Defendant and that she was "manipulated and controlled" by the Defendant. The Defendant asserts that the prosecutor's remarks are inappropriately inflammatory and, as to the comments about Tena Mares in particular, constitute improper vouching for Tena as a witness. We disagree and hold the Defendant's contentions in this regard to be frivolous.
 
 
 2
 While the Defendant is correct that a prosecutor may not vouch for the credibility of its witnesses, United States v. Bowie, 892 F.2d 1494, 1498 (10th Cir. 1990), such impermissible vouching occurs only when "the jury could reasonably believe that the prosecutor is indicating a personal belief in the witness' credibility, either through explicit personal assurances of the witness' veracity or by implicitly indicating that information not presented to the jury supports the witness' testimony." Bowie, 892 F.2d at 1498. The prosecutor's statements in this case simply cannot be construed as improper vouching and should be considered as "fair comments on the evidence." United States v. Hartsfeld, 976 F.2d 1349, 1355 (10th Cir. 1992). A prosecutor is allowed and encouraged to prosecute a case with "earnestness and vigor," Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed.2d 1314 (1935), and the prosecutor did no more than that in the case at bar.
 
 
 3
 The conviction is affirmed.
 
 
 
 *
 The Honorable Fred Daugherty, Senior United States District Judge for the Western, Eastern and Northern Districts of Oklahoma, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 It should be noted that Mares does not identify the co-conspirator statements to which he objects in his brief in support of his appeal, and thus his arguments as to these statements may be deemed waived. United States v. Occhipinti, 998 F.2d 791, 801 (10th Cir. 1993). Nonetheless, we will address his arguments on the merits
 
 
 [2]
 The admissibility of a co-conspirator statement should be determined by the trial judge outside the presence of the jury. United States v. James, 590 F.2d 575 (5th Cir. 1979); cert. denied, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979)
 
 
 [3]
 In addition, certain of the disputed statements would be admissible as admissions by a party opponent pursuant to Fed. R. Evid. 801(d)(2)(A)
 
 
 [4]
 41 ounces equals 1165.35 grams, while 37 ounces equals 1048.95 grams
 
 
 [5]
 In light of our disposition of this issue, we need not address the Defendant's concern regarding the distinction between actual methamphetamine and methamphetamine contained in a mixture, as both the 37 and 41-gram amounts exceed the larger mixture amount of one kilogram
 
 
 [6]
 Sec. 851(a)(1) states as follows:
 No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States Attorney files an information with the Court (and serves a copy of such information on the person or counsel for such person) stating in writing the previous convictions to be relied upon.