**UNITED STATES of America,
Plaintiff,**

v.

**Clentis Maurice MOORE and Cassius
Battle, Defendants.**

**Nos. 00–40125–01 SAC,
00–40125–02 SAC.**

United States District Court,
D. Kansas.

May 1, 2001.

James G. Chappas, Jr., Topeka, KS, for Clentis Maurice Moore.

Richard E. Jones, Topeka, KS, for Cassius Battle.

Gregory G. Hough, Office of U.S. Attorney, Topeka, KS, for United States.

## MEMO AND ORDER

CROW, Senior District Judge.

In this case, two defendants have each been indicted on one count of conspiracy to possess cocaine with the intent to distribute, and one count of possession with intent to distribute cocaine. Defendant Moore has filed four motions: 1) Motion to Compel Disclosure of Existence and Substance of Promises of Immunity, Leniency or Preferential Treatment (Dk.22), which the government opposes; 2) Motion for James hearing (Dk.24), also opposed; 3) Motion Adopting Other Co-defendant's Pre

Trial Motions (Dk.23); and 4) Motion for Disclosure of Information Regarding Prior or Subsequent Bad Acts (Dk.21). These latter two motions are unopposed. Defendant Battle has filed two motions: 1) Motion to Join Pretrial Motions Filed by Co Defendants (Dk.27), which is unopposed; and 2) Motion for James hearing (Dk.28), which is opposed.

At the oral argument of these motions on April 26, 2001, counsel for both defendants indicated to the court that the government has now provided them all the discovery they sought, except for a document filed under seal, and that the discovery issues addressed in the motions have thus been resolved. Accordingly, all motions regarding discovery will be denied as moot. The court anticipates that if either defendant requests a copy of a plea agreement or other document under seal, he will file an appropriate motion and the court will consider that motion thereafter.

The sole substantive motions remaining are defendants' motions for a *James* hearing. Each defendant has moved, and has joined in the other's motion, for a *James* hearing. *See United States v. James,* 590 F.2d 575 (5th Cir.1979). Such a hearing is one way to determine the admissibility of co-conspirators' statements. The parties agreed at oral argument to submit this matter on the briefs.

■ Although the Tenth Circuit has recently restated its "strong preference for *James* proceedings where the government relies on co-conspirator statements," *United States v. Gonzalez–Montoya,* 161 F.3d 643, 649 (10th Cir.1998), *cert. denied,* 526 U.S. 1033, 119 S.Ct. 1284, 143 L.Ed.2d 377 (1999), the Tenth Circuit will permit the district court to provisionally admit the statement with the caveat that the offering party must prove the existence of the predicate conspiracy through trial testimony or other evidence. *Id.* In that event,

the court must find that: (1) a conspiracy existed, (2) the declarant and the defendant were members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy. *United States v. Radeker,* 664 F.2d 242, 243 (10th Cir.1981); Fed.R.Evid. 801(d)(2)(E).

■ Under Tenth Circuit law, the district court may satisfy the prerequisites for admission of a co-conspirator statement through either of two means: by holding a *James* hearing or by provisionally admitting the statement "with the caveat that ... the party offering [it] must prove the existence of the predicate conspiracy through trial testimony or other evidence." *Owens,* 70 F.3d at 1123. In either case, the court may consider the hearsay statement itself, as well as independent factors, in determining whether the government has established a conspiracy by a preponderance of the evidence. *See* Fed.R.Evid. 801(d)(2); *see also Bourjaily v. United States,* 483 U.S. 171, 181, 107 S.Ct. 2775, 97 L.Ed.2d 144(1987).

*Id.*

■ At times this court has opted not to conduct a *James* hearing, choosing instead to require the government to make the requisite showing at trial. *See e.g., United States v. Preston,* 1996 WL 254379, *18–19 (D.Kan. Apr.5, 1996) No. 95–40083–01 SAC. In the present case, the court will require government's counsel to proffer its 801(d)(2)(E) evidence at the status conference prior to trial, currently set for Tuesday, June 12, 2001, at 2:00 p.m. in chambers, either orally or in written form, at its option. Such proffer should include not only the specific statement(s) of the coconspirator which the government seeks to admit pursuant to 801(d)(2)(E), but also a concise summary of other evidence sufficient to meet its burden under that rule,

*i.e.,* that a conspiracy existed, that the declarant and the defendant were members of the conspiracy, and that the statements were made in the course of and in furtherance of the conspiracy. *See Radeker, supra.* After receiving this proffer, the court will be in a better position to determine whether a *James* hearing is necessary to prove the existence of the predicate conspiracy.

IT IS THEREFORE ORDERED THAT defendant Moore's motions regarding discovery issues (Dk. 21 & 22) are denied as moot; that defendants' motions to join (Dk. 23 & 27) are granted, and that defendants' motions for a James hearing (Dk.24 & 28) are taken under advisement.