**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 15 1998**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WILFRED ERNESTO MARES, JR.,

    Defendant - Appellant.

No. 98-8014

(D.C. No. 97-CV-70)

(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining Plaintiff-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant Mr. Wilfred Ernesto Mares is a federal prisoner appearing *pro se* and *in forma pauperis*. On May 12, 1994, Defendant was convicted of methamphetamine charges in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1).

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

He was sentenced to 240 months imprisonment, the minimum mandatory sentence required by 21 U.S.C. § 841(b)(1)(A). This court affirmed Defendant's conviction and sentence on direct appeal. See United States v. Mares, No. 94-8087, 1995 WL 380791, at *4 (10th Cir. June 23, 1995). In 1997, Defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, in which he contended that his sentence should be vacated for two reasons: One, he was denied effective assistance of counsel and due process because his trial counsel failed to object to the government's failure to prove that the drug involved in the offense was d-methamphetamine; and two, his sentence was enhanced pursuant to an unconstitutionally ambiguous statute, 21 U.S.C. § 851(a)(2). The district court dismissed Defendant's section 2255 motion and declined to issue him a certificate of appealability. Defendant now requests a certificate of appealability from this court to appeal the dismissal of his section 2255 motion.

We issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Although Defendant apparently failed to argue on direct appeal that his sentence was enhanced pursuant to an unconstitutionally ambiguous statute, his argument nevertheless does not show the substantial denial of a constitutional right. A prior decision of this court has determined that the correct meaning of 21

-2-

U.S.C. § 851(a)(2) "is plainly discernable" and "refers to the offense being prosecuted in the case at bar." See United States v. Adams, 914 F.2d 1404, 1407 (10th Cir.), cert. denied, 498 U.S. 1015 (1990). Because Adams is binding on this panel, we do not reexamine this issue. See United States v. Spedalieri, 910 F.2d 707, 710 n.3 (10th Cir. 1990) (noting that a panel cannot overrule circuit precedent).

To establish a claim of ineffective assistance of counsel, Defendant must "make credible allegations [that] his 'counsel's performance was deficient' and 'that the [deficient] performance prejudiced [him].'" Lasiter v. Thomas, 89 F.3d 699, 703 (10th Cir.) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)), cert. denied, __ U.S. __ , 117 S. Ct. 493 (1996). Our review of the record and applicable law leads us to conclude that Defendant's assertions are insufficient to state a claim of ineffective assistance of counsel under Strickland. Defendant contends that, if we overrule Adams to hold that 18 U.S.C. § 851(a) is unconstitutionally ambiguous, his counsel was ineffective for failing to require the government to prove the type of methamphetamine involved in the offense. This argument is moot in light of our opinion in Adams and because Defendant was sentenced, not under United States Sentencing Guidelines § 2D1.1, but under the mandatory minimum provisions of 21 U.S.C. § 841(b)(1)(A), which does not distinguish between d-methamphetamine and l-methamphetamine. See 21 U.S.C.

§ 841(b)(1)(A)(viii).

After thoroughly reviewing the record, we conclude that Defendant has not substantially shown the denial of a constitutional right. We therefore deny him a certificate of appealability and dismiss the appeal.[1]

DENIED and DISMISSED.

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[1] We also deny Defendant's motion to expedite this appeal.