UNITED STATES of America,
Plaintiff-Appellee,

v.

Lorenzo MARTINEZ,
Defendant-Appellant.

No. 86-1161.

United States Court of Appeals,
Tenth Circuit.

Aug. 6, 1987.

Karl J. Geil, Denver, Colo., for defendant-appellant.

William D. Welch, Asst. U.S. Atty., Mountain States Drug Task Force (Robert N. Miller, U.S. Atty., D. Colo., with him on the brief), Denver, Colo., for plaintiff-appellee.

Before LOGAN, ANDERSON, and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Lorenzo Martinez and forty-four others were charged in one count of an indictment with conspiring to possess and distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.[1] A jury convicted Martinez on the conspiracy charge, and he now appeals the sentence imposed thereon. We affirm.

At trial, the district court, over objection, admitted statements made by several co-conspirators, out of Martinez' presence, which implicated Martinez in the conspiracy. In so doing, the district court concluded that the Government had established by independent evidence, i.e., evidence other than the proffered statements themselves, that a conspiracy existed, that both the declarant and Martinez were members of the conspiracy, and that the statement offered was made during the course and in furtherance of the conspiracy. In this regard, see, for example, *United States v. Petersen*, 611 F.2d 1313, 1330 (10th Cir. 1979), *cert. denied*, 447 U.S. 905, 100 S.Ct. 2985, 2986, 64 L.Ed.2d 854 (1980).

On appeal, Martinez argues that although the independent evidence may well have established the existence of a conspiracy, that the declarant was a member of the conspiracy and that the statements made were in furtherance of the conspiracy, such evidence did not show that Martinez was himself a member of the conspiracy.

The general rule is that "hearsay" is not admissible in evidence. Fed.R.Evid. 802.

---

1. This indictment has resulted in, to date, six docketed appeals to this court. Including *Martinez*, four of these appeals have been decided: *United States v. Oswalt*, No. 85-1486 (10th Cir. July 21, 1986); *United States v. Vaughn*, No. 85-1464 (10th Cir. July 21, 1986); and *United States v. Apodaca*, 820 F.2d 348 (10th Cir.1987). The remaining two appeals are *United States v. Barcelon*, No. 85-2100, orally argued March 9, 1987, and *United States v. Hernandez*, No. 86-1339, orally argued May 22, 1987. *Barcelon* and *Hernandez* are awaiting decision of this court.

Fed.R.Evid. 801(c) defines "hearsay" as an out-of-court statement "offered in evidence to prove the truth of the matter asserted." Rule 801(d)(2)(E), however, specifically provides that "a statement is not hearsay if ... [t]he statement is offered against a party and is ... a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Accordingly, such a statement would not be subject to the general rule against hearsay. As indicated, by case law we have held that in order for the out-of-court statements of a coconspirator to be admissible against a party, certain preliminary requirements must be met by independent evidence, i.e., evidence other than the proffered statement itself. *See, e.g., Petersen, supra.* Those requirements are already listed above.

We believe that in the instant case the district court was correct in holding that the requirements of *Petersen* were met, and that the out-of-court declarations of, for example, Jesus John Hernandez, a codefendant, were admissible against Martinez. In concluding that the requirements of *Petersen* were met, the district court relied heavily on the testimony of one Cindy Martinez, a government witness. At trial, Cindy Martinez, no relation to the defendant, identified a tape as being a recording of a telephone conversation between the defendant and Hernandez, through an interpreter,[2] and that the subject matter of that conversation was a $5,000 payment to be made by Hernandez to the defendant Martinez. In the course of this conversation, the interpreter, on behalf of defendant Martinez, stated that he, Martinez, knows "this chick," Cindy Martinez, and that he, Martinez, wanted Hernandez to deliver the $5,000 to Cindy Martinez. Cindy Martinez further testified, *inter alia,* that thereafter she, at the defendant's direction, did pick up $5,000 in cash, due Martinez, from Hernandez. Hernandez was perhaps the central figure in this cocaine conspiracy. However, we need not here consider in any greater detail the evidence relied on by the district court in reaching that conclusion, since recent cases indicate that the district court applied an even more strict test than necessary.

In *United States v. Bucaro,* 801 F.2d 1230 (10th Cir.1986), which was decided after the trial of the instant case, we cited with approval the test laid down in such cases as *Petersen, supra,* for determining whether the hearsay exception provided for in 801(d)(2)(E) is available. However, in *Bucaro* we went on to state, at page 1232, as follows:

> What must be proved by "substantial, independent evidence" is that a combination existed between third parties and the defendant. It is not necessary, however, for the government to prove that the conspiracy was for unlawful purposes. "The element of illegality may be shown by the declarations themselves." Although the conspiracy must be proved by a preponderance of the evidence in order for the co-conspirator hearsay exception to be available, it need not be proved by direct evidence. The existence of a conspiracy may be inferred from circumstantial evidence (citations omitted).

Under *Bucaro,* it is clear to us that in the instant case there was independent evidence of a "combination" between Martinez and Hernandez, and certain other co-defendants, and most certainly the declarations offered, and received, as an exception under 801(d)(2)(E) did themselves clearly establish the illegality of the combination.

Further, a very recent opinion of the Supreme Court supports the rationale of *Bucaro.* See *Bourjaily v. United States,* — U.S. ——, 107 S.Ct. 2775, 97 L.Ed.2d 144. In *Bourjaily,* the Supreme Court rejected the contention that in determining the preliminary facts relevant to Rule

---

**2.** In this tape-recorded telephone conversation, Hernandez spoke in English, and his words were translated to Spanish and conveyed to Martinez by the interpreter. Martinez, who is fluent in English and Spanish, can be heard speaking in the latter tongue in the background of the tape.

801(d)(2)(E), a court must look only to independent evidence and could not consider the statements sought to be admitted, and held that "a court, in making a preliminary factual determination under Rule 801(d)(2)(E), may examine the hearsay statements sought to be admitted." In *Bourjaily*, the Supreme Court found that the statements sought to be admitted were "corroborated" by other and independent evidence, and hence did not need to decide in that case whether a district court could rely *solely* on the hearsay statements to establish the preliminary facts prerequisite for admissibility.

In sum, we believe that the district court in the instant case did not err when it held that the independent evidence established a conspiracy, that the declarants and Martinez were a part of that conspiracy, and that the statements sought to be admitted were made in the course and furtherance of the conspiracy. Under *Bucaro*, the independent evidence need only establish a combination between the declarant and the defendant. The element of illegality may be established by the declarations sought to be admitted. Moreover, under *Bourjaily*, the "hearsay" declarations sought to be admitted may be used in making this determination, and, at most, there need only be some independent evidence linking the defendant to the conspiracy. In our case, the independent evidence clearly showed a combination between Martinez and his co-defendants, or at least some of them. Thus, the otherwise hearsay statements of Martinez' alleged coconspirators were properly admitted at Martinez' trial.

Having rejected Martinez' argument that the statements of his coconspirators were improperly admitted, counsel concedes that Martinez' further contention that the district court erred in denying his motion for judgment of acquittal necessarily falls. When the statements of Martinez' coconspirators, which implicated Martinez, are placed on the scales, there is ample evidence to carry the case to the jury.

Judgment affirmed.