**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 13, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

VINCE MERRICK, a/k/a SMOKY,

Defendant-Appellant.

No. 08-5007
(D.C. No. 4:07-CR-00065-HDC-2)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Vince Merrick was convicted by a jury of possessing more than 100 kilograms of marijuana with intent to distribute and conspiracy. Merrick was sentenced to sixty-three months' imprisonment, five years of supervised release, and was assessed a $2,500 fine. In this appeal, Merrick argues that the district court erred in not expressly finding the existence of a conspiracy between an

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

out-of-court-co-conspirator-declarant and Merrick before allowing in the co-conspirator's out of-court statements as required under Fed. R. Evid. 801(d)(2)(E). He further argues that the district court should have granted his motion for acquittal because there was insufficient evidence to convict, and that the district court erred in allowing statements made by him during plea negotiations to come before the jury. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm Merrick's conviction.

Admission of Statements by Co-conspirator

The Federal Rules of Evidence provide that a statement is not hearsay if it is a "statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). "Before admitting evidence under this rule, [t]he court must determine that (1) by a preponderance of the evidence, a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy." *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995) (quotations omitted). In determining whether a conspiracy existed, the district court may hold a separate "*James*" hearing, *see generally, United States v. James*, 590 F.2d 575, 579-80 (5th Cir. 1979), *partially overruled by Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987), outside of the presence of the jury, or it may provisionally allow in the evidence with the understanding that the offering party will present evidence during the course of

trial that will prove the existence of the predicate conspiracy. *Owens*, 70 F.3d at 1123. Here, Merrick's counsel agreed in a pre-trial hearing that the court could make the required Rule 801 findings as the trial progressed. Aplt. App. Vol. I at 38.

The first witness at trial, an Oklahoma state trooper, testified that on February 7, 2007, he stopped Lorie Sparks who was on her way to Philadelphia and driving a vehicle containing twenty-four bales of compressed marijuana. *Id.* at 77-78. After recovering the marijuana, the trooper contacted an agent with the Drug Enforcement Administration (DEA) in Tulsa who eventually convinced Ms. Sparks to cooperate in what is referred to as a "controlled delivery." Under that plan, Ms. Sparks continued with her trip to Philadelphia, but was under the control and supervision of the DEA.

Ms. Sparks was the government's chief witness at trial. Her brother, Justin Sparks, who was indicted along with Merrick on the same charges for which Merrick stood trial, was a fugitive and had not been arrested at the time of trial. Ms. Sparks testified that she had agreed to pick up drugs for her brother and that as part of that operation she became acquainted with Merrick whom she met both at her home in Florida and at a house in Philadelphia. *Id.* at 91-93. She testified that in October 2006, she returned to her home in Florida with a load of marijuana. *Id.* at 107-09. Merrick and "Philly," another member of the conspiracy, came to her home after her arrival, tested the marijuana, and found it

to be bad.  *Id.* at 110-11.  Justin assured Ms. Sparks that Merrick and Philly would take care of the problem.  *Id.* at 111.  Merrick and Philly stayed at Ms. Sparks's house for two to three weeks after the delivery, but a couple of days into their stay the marijuana, which had been stored in Ms. Sparks's bathroom, was gone.  *Id.* at 111-12.  Ms. Sparks did not remove the marijuana nor did she see who did, but only Ms. Sparks, Merrick, and Philly had access to the house.  *Id.* at 112.[1]

Ms. Sparks further testified that she met Merrick again in February of 2007 in  Philadelphia where he "[u]nloaded the truck I was driving that had drugs in it."  *Id.* at 93.  Justin Sparks had arranged both meetings with Merrick, *id.* at 93-94, and generally "called the shots" for the operation, *id.* at 92.

At this point in the trial the government moved the court to find the existence of a conspiracy for the purpose of admitting co-conspirator out-of-court statements under Rule 801(d)(2)(E).  *Id.* at 94.  Without explicitly finding the existence of a conspiracy, the district court overruled defense counsel's objection that the evidence was insufficient to find a conspiracy and that it had to be corroborated.  *Id.* at 98.  The court then allowed Ms. Sparks to testify about conversations she had had with her brother which further implicated Merrick in the operation.  The government also played tape recordings of two telephone

---

[1]     Ms. Sparks had earlier stated that Merrick and Philly "got rid of the drugs in October from my home."  Aplt. App. at 93.  We do not find this apparent contradiction relevant to our review.

conversations between Ms. Sparks and her brother in which her brother referred to the fact that he was going to contact Merrick. *Id.* at 142.

Before the start of testimony on day two of the trial, the court expressly clarified that the previous day's evidence, admitted prior to the out-of-court statements, "was sufficient at that time that a conspiracy existed, that Mr. Merrick was involved in the conspiracy, as was the witness and the other persons that had been mentioned that had been involved." *Id.* Vol. II at 238. Merrick makes two seemingly inconsistent arguments regarding the court's treatment of the nonhearsay evidence. He initially argues that the court failed to make findings regarding the existence of a conspiracy between the parties, Aplt. Br. at 2, but later argues that the required findings were made but came too late because the testimony had already been admitted, *id.* at 11, 13-14.

We review a district court's evidentiary rulings for abuse of discretion. *United States v. Davis*, 40 F.3d 1069, 1073 (10th Cir. 1994). Although we consider the record as a whole when reviewing evidentiary rulings, we give heightened deference to the trial judge's decisions when reviewing hearsay determinations. *United States v. Jones*, 44 F.3d 860, 873 (10th Cir. 1995).

Merrick's assertion that the district court completely failed to find the existence of a conspiracy is clearly wrong. *See* Aplt. App. Vol. II at 238. As quoted above, the district court expressly made that finding at the beginning of the second day of trial. As for the timing of that finding, we "agree that the

existence of a conspiracy and [Merrick's] involvement in it are preliminary questions of fact that . . . must be resolved by the court," and that "[b]efore admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls within the definition of the Rule." *Bourjaily v. United States*, 483 U.S. 171, 175 (1987). Our review of the record, however, establishes that the district court correctly found, prior to the admission of the out-of-court statements, that sufficient evidence had been presented to establish the existence of the conspiracy and Merrick's participation in it. We note that part of the defense's objection to the admission of the nonhearsay was that the evidence was insufficient at that point to establish the existence of a conspiracy. Aplt. App. Vol. I at 97. When the district court overruled that objection, it implicitly found that the evidence of conspiracy was sufficient for purposes of Rule 801(d)(2)(E). Moreover, there is no requirement that a district court make findings on the record *before* the nonhearsay is admitted. The court must only resolve the preliminary Rule 801 questions and "be satisfied that the statement actually falls within the definition of the Rule." *Bourjaily*, 483 U.S. at 175. The district court did that. There was no error in making the finding on the record *after* the hearsay had been admitted. *See United States v. Perez*, 989 F.2d 1574, 1581 (10th Cir. 1993) (en banc) (approving a procedure that "insures that the [Rule 801] evaluation will be made *at some point* by the trial court" (emphasis added)).

-6-

Indeed, where we have found that failure to make Rule 801 findings is not harmless error, we have remanded for the district court to make those findings on the record. *See United States v. Rascon*, 8 F.3d 1537, 1541 (10th Cir. 1993). Surely if that sort of after-the-fact procedure is appropriate, the district court's one-day delay here in making Rule 801 findings on the record is similarly acceptable.[2]

Sufficiency of the Evidence

Merrick next argues that there was insufficient evidence to convict him of conspiracy to possess and distribute marijuana.

> In evaluating such challenges, we review the record de novo, and ask only whether, taking the evidence – both direct and circumstantial, together with the reasonable inferences to be drawn therefrom – in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt. In order to conclude the evidence was insufficient, as a matter of law, to support a conviction, we must find that no reasonable juror could have reached the disputed verdict.

*Owens*, 70 F.3d at 1126 (quotation omitted). Merrick initially makes the broad charge that "[t]he Government failed to show through either direct or circumstantial evidence that Mr. Merrick was even remotely connected to the

---

[2]     Merrick does not argue that the district court erred in failing to make a finding that Justin Sparks, the out-of-court declarant, and Merrick were members of the conspiracy or that the out-of-court statements were made in the course of and in furtherance of the conspiracy. The court made the first finding. Aplt. App. at 238. And because there is no dispute in the record that the out-of-court statements were made in the course of and in furtherance of the conspiracy, there is no need to remand to the district court for express findings on this point. *See United States v. Sinclair*, 109 F.3d 1527, 1535 (10th Cir. 1997).

activities of Justin Sparks, Lorie Sparks, or any of the other individuals listed by name or street name in the case against him." Aplt. Br. at 15. His argument on that point, however, is much narrower and rests on his earlier contention that the out-of-court statements of Justin Sparks should not have been admitted. From that premise he concludes that, without the evidence attributable to Justin Sparks, there is insufficient evidence for conviction. As we have already held, however, the out-of-court statements of Justin Sparks were properly admitted. Merrick's contention that the out-of-court statements were not independently corroborated and were therefore inadmissible is without merit because Lorie Sparks's testimony, the testimony of the DEA agent involved, and the testimony of officers present at Merrick's arrest provide more than sufficient corroboration.[3]

A conspiracy conviction requires "(1) agreement with another person to violate the law; (2) knowledge of the essential objectives of the conspiracy; (3) knowing and voluntary involvement; and (4) interdependence among the alleged coconspirators." *United States v. Edwards*, 69 F.3d 419, 430 (10th Cir. 1995) (quotations and citation omitted). Upon review of the record, we find ample evidence from which a reasonable jury could conclude that the actions of

---

[3]    Merrick includes an offhand reference to the Sixth Amendment as part of this argument and refers to the right to confrontation in the conclusion section of his brief. This perfunctory treatment includes no argument and is insufficient to invoke appellate review. *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994).

Merrick, Lorie Sparks and other members of the organization were all part of a single unified conspiracy to possess and distribute marijuana.

Rule 11 Proffer Statements

Merrick's final argument finds fault with the district court's decision to allow the government to present testimony that, in his statement to law enforcement as part of his Rule 11 plea negotiations, Merrick admitted unloading marijuana both on the day he was arrested and earlier in Florida. The government wanted to use this testimony to counter defense counsel's effort to impeach Ms. Sparks about her October 2006 trip.

> We review the trial court's admission of evidence under the abuse of discretion standard. Under this standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.

*United States v. Acosta-Ballardo*, 8 F.3d 1532, 1534 (10th Cir. 1993) (quotation and citations omitted).

"[S]tatements made during plea negotiations are inadmissible for impeachment purposes . . . ." *Id.* at 1536. The protection provided by this rule, however, can be waived, *United States v. Mezzanatto*, 513 U.S. 196, 197 (1995), which Merrick had done. Merrick does not dispute that, in a proffer letter signed by him and by his counsel, he specifically allowed the government to use or offer the information obtained in the Rule 11 discussions to rebut a contrary position

taken by Merrick or his counsel at any later trial. Counsel's attempt to establish that the October 2006 trip had never occurred was contrary to Merrick's statement in the Rule 11 proceedings admitting the October 2006 trip. Because Merrick had waived his right to have his plea negotiations excluded, there was no abuse of discretion in admitting the evidence.

The judgment of the district court is AFFIRMED.


Entered for the Court


Stephen H. Anderson
Circuit Judge